JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Harris, Pro Se

## DEFENDANTS

Officer Lesko, Officer Dohan, City of Phila.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Michael R. Miller

## 18   1475

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Matters |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER ▬▬▬▬▬▬

DATE   4-6-18

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE   APR - 6 2018

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**18    1475**

Address of Plaintiff: 515 East Briton Street, Philadelphia, PA  19144

Address of Defendant: _____ **City of Philadelphia Law Department, 1515 Arch Street, 14ᵗʰ Floor, Philadelphia, PA 19102** _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                    B. *Diversity Jurisdiction Cases:*

1.  ☐  Indemnity Contract, Marine Contract, and All     Other  Contracts   1. ☐  Insurance Contract and Other Contracts
2.  ☐  FELA                          2. ☐  Airplane Personal Injury
3.  ☐  Jones Act – Personal Injury              3. ☐  Assault, Defamation
4.  ☐  Antitrust                       4. ☐  Marine Personal Injury
5.  ☐  Patent                        5. ☐  Motor Vehicle personal Injury
6.  ☐  Labor-Management Relations            6. ☐  Other Personal Injury (Please specify)
7.  ☒  Civil Rights                     7. ☐  Products Liability
8.  ☐  Habeas Corpus                    8. ☐  Products liability - Asbestos
9.  ☐  Securities Act(s) Cases                  9. ☐  All other Diversity Cases
10. ☐  Social Security Review Cases                   (Please specify)
11. ☐  All Other Federal Questions Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Michael R. Miller _____, counsel of record do hereby certify:

☒  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☒  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: 4-9-18    _____ Michael R. Miller, Esquire _____    315759
                    Attorney-at-Law                     Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-9-18    _____ Michael R. Miller, Esquire _____    315759
                    Attorney-at-Law                     Attorney I.D. #

CIV. 609 (4/03)

APR - 6 2018



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Christopher Harris**                    **Civil Action**
    **v.**
**P/O, Lesko, P/O Dohan**                 **No.**                18          1475
 **& City of Phila.**

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.    **( X )**

                         **Michael R. Miller, Esquire**

| 4/6/2018 | | P/O Dohan |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| **(215) 683-5433** | **(215) 683-5397** | **michael.r.miller@phila.gov** |
|---|---|---|
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02



**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Christopher Harris** | **Civil Action** |
| **515 E. Brinton Street** | |
| **Philadelphia, PA 19144** | **NO:** _____ |
| **Plaintiff** | |

**vs.**

**Officer Lesko, Badge No.: 3374**
**Individually & as a Police Officer for the**
**1515 Arch Street, 14ᵗʰ Floor**
**Philadelphia, Pennsylvania 19102**
**and**
**Officer Dohan, Badge No.: 4690**
**Individually & as a Police Officer for the**
**1515 Arch Street, 14ᵗʰ Floor**
**Philadelphia, Pennsylvania 19102**
**and**
**City of Philadelphia**
**1515 Arch Street, 14ᵗʰ Floor**
**Philadelphia, Pennsylvania 19102**
**Philadelphia, Pennsylvania 19102**

**18    1475**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**January Term 2016**
**No. 0575**

### NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, P/O Lesko, P/O Dohan and the City of Philadelphia, (hereinafter "petitioner") through his counsel, Michael R. Miller, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant states the following:

1.    In January 2016, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, No. 0575. (Exhibit A - Complaint). The complaint set forth no federal-law claims and was filed against Officer Dohan, Officer Lesko, and the City of Philadelphia.

2.    In February 2016, plaintiff reinstated his complaint in state court, but the reinstated complaint still contained no federal-law claims. (Exhibit B).

3.    In March 2016, plaintiff stipulated to the dismissal of all claims against the City of Philadelphia. (Exhibit C).

4.      On April 29, 2016, the state court entered a case management order.  (Exhibit D).

5.      In July 2016, the state court entered an order on a motion to compel.  (Exhibit E).

6.      In August 2016, plaintiff stipulated to the dismissal of all claims against Officer Lesko, leaving Officer Dohan as the sole defendant in this case.  (Exhibit F).

7.      In September 2016, the state court entered a discovery order.  (Exhibit G).

8.      In December 2016, the state court remanded the case to arbitration.  (Exhibit H).

9.      In January 2017, the state court entered an administrate order.  (Exhibit I).

10.     On May 10, 2017, arbitrators ruled in favor of Officer Dohan.  (Exhibit J).

11.     In May 2017, the state court entered an order denying plaintiff's IFP petition. (Exhibit K).

12.     On June 5, 2017, the state court entered an order scheduling a rule to show cause on plaintiff's counsel's motion to withdraw.  (Exhibit L).

13.     On June 15, 2017, the state court entered an order rescheduling the hearing on the rule to show cause.  (Exhibit M).

14.     On July 25, 2017, the state court granted plaintiff's counsel's motion to withdraw. (Exhibit N).

15.     On April 3, 2018, plaintiff filed a memorandum in which, for the first time in this litigation, he asserted federal-law claims.  (Exhibit O).

16.     This action may now be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 since plaintiff now asserts Officer Dohan has violated his federal civil rights and, for the first time, seeks relief under 42 U.S.C. §§ 1983, 1985, and 1986. (Exhibit O)

**Wherefore,** petitioners, P/O Lesko, P/O Dohan and the City of Philadelphia, respectfully request that this action be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Armando Brigandi
Chief Deputy City Solicitor

**MICHAEL R. MILLER**
**Deputy City Solicitor**
**Attorney I.D. No. 315759**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5433

Date: 4-6-18

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

**Christopher Harris**
**515 E. Brinton Street**
**Philadelphia, PA 19144**
        **Plaintiff**

       **vs.**

**Officer Lesko, Badge No.: 3374**
**Individually & as a Police Officer for the**
**1515 Arch Street, 14th Floor**
**Philadelphia, Pennsylvania 19102**
        **and**
**Officer Dohan, Badge No.: 4690**
**Individually & as a Police Officer for the**
**1515 Arch Street, 14th Floor**
**Philadelphia, Pennsylvania 19102**
        **and**
**City of Philadelphia**
**1515 Arch Street, 14th Floor**
**Philadelphia, Pennsylvania 19102**
**Philadelphia, Pennsylvania 19102**

**Civil Action**

**NO: _____**


**18    1475**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**January Term 2016**
**No. 0575**

### NOTICE OF FILING OF REMOVAL

TO:    Christopher Harris
       515 E. Brinton Street
       Philadelphia, PA 19344

     PLEASE TAKE NOTICE THAT on     April 6, 2018, defendants, P/O Lesko, P/O

Dohan, and the City of Philadelphia, filed, in the office of the Clerk of the United States District

Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

     A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk

of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code,

Section 1446(e).

                                 *MM R M*

                               **MICHAEL R. MILLER**
                               **Deputy City Solicitor**
                               **Attorney I.D. No. 315759**
                               City of Philadelphia Law Department
                               1515 Arch Street, 14th Floor
                               Philadelphia, PA 19102
                               215-683-5433

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Christopher Harris
515 E. Brinton Street
Philadelphia, PA 19144
        **Plaintiff**

     **vs.**

Officer Lesko, Badge No.: 3374
Individually & as a Police Officer for the
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
        **and**
Officer Dohan, Badge No.: 4690
Individually & as a Police Officer for the
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
        **and**
City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
Philadelphia, Pennsylvania 19102

**Civil Action**

**NO:** _____

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**January Term 2016**
**No. 0575**

## CERTIFICATE OF SERVICE

I, Michael R. Miller, Deputy City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Christopher Harris
       1515 E. Brinton Street
       Philadelphia, PA 19144

**Michael R. Miller**
**Deputy City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433

Date: _4-6-18_

Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**JANUARY 2016**

**000575**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHRISTOPHER HARRIS | OFFICER LESKO, BADGE NO. 3374 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 515 E. BRINTON STREET PHILADELPHIA PA 19144 | 1515 ARCH STREET 14TH FLOOR PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | OFFICER DOHAN, BADGE NO.: 4690 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET 14TH FLOOR PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET 14TH FLOOR PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2B - ASSAULT, BATTERY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY**<br><br>JAN **07** 2016<br><br>**J. OSTROWSKI** | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTOPHER HARRIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARTIN STANSHINE | 1528 WALNUT ST. SUITE 700 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)985-4204 | (215)545-0668 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 15388 | snslaw@comcast.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARTIN STANSHINE* | Thursday, January 07, 2016, 11:17 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**STANSHINE & SIGAL, P.C.**
**BY: MARTIN STANSHINE, ESQUIRE**
*Identification Number: 15388*
*1528 Walnut Street / Suite 700*
*Philadelphia, Pennsylvania 19102*
*(215) 985-4204*

*THIS IS NOT AN ARBITRATION MATTER*
*ASSESSMENT OF DAMAGES REQUIRED*



*Attorney for Plaintiff*   Filed and Attested by the Office of Judicial Records 07 JAN 2016 11:17 am E. PRUITT

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS** | : | **COURT OF COMMON PLEAS** |
| *515 E. Brinton Street* | : | **PHILADELPHIA COUNTY** |
| *Philadelphia, PA 19144* | : | |
| *vs.* | : | |
| **OFFICER LESKO, Badge No.: 3374** | : | **JANUARY TERM, 2016** |
| *individually & as a Police Officer for the* | : | |
| *1515 Arch Street, 14th Floor* | : | **NO. _____** |
| *Philadelphia, Pennsylvania 19102* | : | |
| *and* | : | |
| **OFFICER DOHAN, Badge No.: 4690** | : | |
| *individually & as a Police Officer for the* | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |
| *and* | : | |
| **CITY OF PHILADELPHIA** | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your attorney at once. If you do not have an attorney or cannot afford one, go to or telephone the office set forth below to find out where you can obtain legal help.*

**Philadelphia Bar Association**
**Lawyer Referral & Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

*lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicia. Vaya en persona a llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion de Licenciados**
de Filadelfia Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 160100575

*STANSHINE & SIGAL, P.C.*
*BY: MARTIN STANSHINE, ESQUIRE*
*Identification Number: 15388*
*1528 Walnut Street / Suite 700*
*Philadelphia, Pennsylvania 19102*
*(215) 985-4204*

*THIS IS NOT AN ARBITRATION MATTER*
*ASSESSMENT OF DAMAGES REQUIRED*

*Attorney for Plaintiff*

| | |
|---|---|
| **CHRISTOPHER HARRIS** | **COURT OF COMMON PLEAS** |
| *515 E. Brinton Street* | **PHILADELPHIA COUNTY** |
| *Philadelphia, PA 19144* | |
| *vs.* | *JANUARY TERM, 2016* |
| **OFFICER LESKO, Badge No.: 3374** | |
| *individually & as a Police Officer for the* | *NO. _____* |
| *1515 Arch Street, 14th Floor* | |
| *Philadelphia, Pennsylvania 19102* | |
| *and* | |
| **OFFICER DOHAN, Badge No.: 4690** | |
| *individually & as a Police Officer for the* | |
| *1515 Arch Street, 14th Floor* | |
| *Philadelphia, Pennsylvania 19102* | |
| *and* | |
| **CITY OF PHILADELPHIA** | |
| *1515 Arch Street, 14th Floor* | |
| *Philadelphia, Pennsylvania 19102* | |

# COMPLAINT

1.    Plaintiff, Christopher Harris, is an adult individual who resides at the above stated address.

2.    Defendant, Officer Lesko, Badge No.: 3374, (hereinafter referred to as "Officer Lesko"), whose first name is unknown to plaintiff--and who, at the time described below, worked in the 14th Police District--is an adult individual and police officer for the City of Philadelphia with a principal place of business at the above stated address. He is being sued in both his individual and official capacities.

3.    Defendant, Officer Dohan, Badge No.: 4690, (hereinafter referred to as "Officer Dohan"), whose first name is unknown to plaintiff--and who, at the time described below, worked in the 14th Police District--is an adult individual and police officer for the City of Philadelphia with a principal place of business at the above stated address. He is being sued in both his individual and official capacities.

4.     Defendant, the City of Philadelphia (hereinafter referred to as "the City"), is a municipal entity established by the Commonwealth of Pennsylvania, which owns, operates and manages the Philadelphia Police Department   and which has a principal business address at the above-stated address.

5.     At all times relevant hereto, defendants-- Officer Lesko and Officer Dohan--were agents, servants, workmen and/or employees defendant--the City--and were acting within the course and scope of their authority.

6.     On or about March 25, 2014 at approximately 1:00 a.m.,  at or near Chew Avenue and Washington Lane, Philadelphia, PA,  defendants--Officer Lesko and Officer Dohan--after plaintiff allegedly would not comply with a police request, shot plaintiff in the back with Taser, knocking plaintiff to his knees, face down onto the ground.

7.     While on the ground, defendants again shot plaintiff with another Taser, this time in his ankle, knocking plaintiff unconscious.

8.     There was no legal justification for defendants to shoot plaintiff with a Taser and such actions constitute assault and battery under Pennsylvania law.

9.     The aforementioned Taser shots caused excruciating pain to plaintiff causing him to require hospital and medical treatment.

10.     As a further direct and proximate result of the above actions of the defendants, plaintiff, Christopher Harris, has been and may be in the future required to receive and undergo medical treatment and care and has expended and may continue to expend in the future, various and diverse sums of money for the aforementioned treatment, all of which is to the plaintiff's great financial detriment and loss.

11.     As a further direct and proximate result of the above actions of the defendants, plaintiff, has been unable to attend to his usual and daily activities, occupation and labors and may have

sustained a loss in earnings and/or impairment of his earning capacity or power.

## *COUNT I*

12.     Paragraphs one (1) through eleven (11) of this complaint are hereby incorporated as if each were fully set forth at length herein.

*WHEREFORE*, plaintiff demands judgment against defendants--Officer Lesko, Officer Dohan and/or the City--jointly and/or severally--for compensatory damages in an amount **in excess** of fifty thousand dollars ($50,000.00), along with costs, attorneys fees, interest and such other and further relief as the Court may deem just and proper.

## *COUNT II*

13.     Paragraphs one (1) through twelve (12) of this complaint are hereby incorporated as if each were fully set forth at length herein.

14.     The aforementioned actions of defendants--Officer Lesko, Officer Dohan and/or the City-- were outrageous, wanton, willful and reckless, thereby entitling plaintiff to punitive damages against the aforesaid defendants.

*WHEREFORE*, plaintiff demands judgment against defendants--Officer Lesko, Officer Dohan and/or the City--jointly and severally, for punitive damages, in an amount **in excess** of fifty thousand dollars ($50,000.00), along with costs, attorneys fees, interest and such other and further relief as the Court may deem just and proper.

*Respectfully submitted,*
*STANSHINE & SIGAL, P.C.*

BY: _____

**MARTIN STANSHINE, ESQUIRE**
*Attorney for Plaintiff*

Case ID: 160100575

# *VERIFICATION*

I, ___Christopher Harris_____, hereby state that I am the plaintiff in the within action and verify that the statements made in the foregoing **COMPLAINT** are true and correct to the best of my information, knowledge and belief.

I, the undersigned, understand that the statements made herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


_____
CHRISTOPHER HARRIS


___1/4/2016_____
*(DATE)*

# EXHIBIT B

*STANSHINE & SIGAL, P.C.*
*BY:  MARTIN STANSHINE, ESQUIRE*
*Identification Number: 15388*
*1528 Walnut Street / Suite 700*
*Philadelphia, Pennsylvania  19102*
*(215) 985-4204*

*Attorney for Plaintiff* and Attested by the
Office of Judicial Records
26 FEB 2016 03:32 pm

| | | |
|---|---|---|
| *CHRISTOPHER HARRIS* | : | *COURT OF COMMON PLEAS* |
| *515 E. Brinton Street* | : | *PHILADELPHIA COUNTY* |
| *Philadelphia, PA 19144* | : | |
| *vs.* | : | *JANUARY  TERM, 2016* |
| *OFFICER LESKO, Badge No.: 3374* | : | |
| *individually & as a Police Officer for the* | : | *NO. 0575* |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania  19102* | : | |
| *and* | : | |
| *OFFICER DOHAN, Badge No.: 4690* | : | |
| *individually & as a Police Officer for the* | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania  19102* | : | |
| *and* | : | |
| *CITY OF PHILADELPHIA* | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania  19102* | : | |

## *PRAECIPE TO REINSTATE COMPLAINT*

TO THE PROTHONOTARY:

Kindly reinstate the Complaint in the above-captioned matter for an additional thirty (30) days.

*Respectfully submitted,*

*STANSHINE & SIGAL, P.C.*

BY: _____

*MARTIN STANSHINE, ESQUIRE*
*Attorney for Plaintiff*

Case ID: 160100575

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2016**   **000575**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> CHRISTOPHER HARRIS | **DEFENDANT'S NAME** <br> OFFICER LESKO, BADGE NO. F2304 *and Attested by the Office of Judicial Records* |
| **PLAINTIFF'S ADDRESS** <br> 515 E. BRINTON STREET <br> PHILADELPHIA PA 19144 | **DEFENDANT'S ADDRESS** <br> 1515 ARCH STREET 14TH FLOOR <br> PHILADELPHIA PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> OFFICER DOHAN, BADGE NO.: 4690 |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 1515 ARCH STREET 14TH FLOOR <br> PHILADELPHIA PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> CITY OF PHILADELPHIA |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 1515 ARCH STREET 14TH FLOOR <br> PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal <br> ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less <br> ☒ More than $50,000.00 | ☐ Arbitration <br> ☐ Jury <br> ☒ Non-Jury <br> ☐ Other: | ☐ Mass Tort <br> ☐ Savings Action <br> ☐ Petition | ☐ Commerce  ☐ Settlement <br> ☐ Minor Court Appeal  ☐ Minors <br> ☐ Statutory Appeals  ☐ W/D/Survival |

**CASE TYPE AND CODE**

2B - ASSAULT, BATTERY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED** <br> **PRO PROTHY** <br> JAN **07** 2016 <br> **J. OSTROWSKI** | YES   NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTOPHER HARRIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> MARTIN STANSHINE | ADDRESS <br> 1528 WALNUT ST. <br> SUITE 700 |
|---|---|
| **PHONE NUMBER** <br> (215) 985-4204 | **FAX NUMBER** <br> (215) 545-0668 | PHILADELPHIA PA 19102 |
| **SUPREME COURT IDENTIFICATION NO.** <br> 15388 | **E-MAIL ADDRESS** <br> snslaw@comcast.net |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> *MARTIN STANSHINE* | **DATE SUBMITTED** <br> Thursday, January 07, 2016, 11:17 am |

Case ID: 160100575

*STANSHINE & SIGAL, P.C.*
*BY: MARTIN STANSHINE, ESQUIRE*
*Identification Number: 15388*
*1528 Walnut Street / Suite 700*
*Philadelphia, Pennsylvania 19102*
*(215) 985-4204*

*THIS IS NOT AN ARBITRATION MATTER*
*ASSESSMENT OF DAMAGES REQUIRED*

*Attorney for Plaintiff*

| | | |
|---|---|---|
| *CHRISTOPHER HARRIS* | : | *COURT OF COMMON PLEAS* |
| *515 E. Brinton Street* | : | *PHILADELPHIA COUNTY* |
| *Philadelphia, PA 19144* | : | |
| *vs.* | : | |
| *OFFICER LESKO, Badge No.: 3374* | : | *JANUARY TERM, 2016* |
| *individually & as a Police Officer for the* | : | |
| *1515 Arch Street, 14th Floor* | : | *NO. 0575* |
| *Philadelphia, Pennsylvania 19102* | : | |
| *and* | : | |
| *OFFICER DOHAN, Badge No.: 4690* | : | |
| *individually & as a Police Officer for the* | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |
| *and* | : | |
| *CITY OF PHILADELPHIA* | : | |
| *1515 Arch Street, 14th Floor* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |
| *Philadelphia, Pennsylvania 19102* | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your attorney at once. If you do not have an attorney or cannot afford one, go to or telephone the office set forth below to find out where you can obtain legal help.*

Philadelphia Bar Association
Lawyer Referral & Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

*lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona a llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion de Licenciados
de Filadelfia Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

*STANSHINE & SIGAL, P.C.*
*BY: MARTIN STANSHINE, ESQUIRE*
*Identification Number: 15388*
*1528 Walnut Street / Suite 700*
*Philadelphia, Pennsylvania 19102*
*(215) 985-4204*

*THIS IS NOT AN ARBITRATION MATTER*
*ASSESSMENT OF DAMAGES REQUIRED*

*Attorney for Plaintiff*

| | |
|---|---|
| CHRISTOPHER HARRIS | : COURT OF COMMON PLEAS |
| 515 E. Brinton Street | : PHILADELPHIA COUNTY |
| Philadelphia, PA 19144 | : |
| vs. | : JANUARY TERM, 2016 |
| OFFICER LESKO, Badge No.: 3374 | : |
| individually & as a Police Officer for the | : NO. 0575 |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, Pennsylvania 19102 | : |
| and | : |
| OFFICER DOHAN, Badge No.: 4690 | : |
| individually & as a Police Officer for the | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, Pennsylvania 19102 | : |
| and | : |
| CITY OF PHILADELPHIA | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, Pennsylvania 19102 | : |

# *COMPLAINT*

1.      Plaintiff, Christopher Harris, is an adult individual who resides at the above stated address.

2.      Defendant, Officer Lesko, Badge No.: 3374, (hereinafter referred to as "Officer Lesko"), whose first name is unknown to plaintiff--and who, at the time described below, worked in the 14th Police District--is an adult individual and police officer for the City of Philadelphia with a principal place of business at the above stated address. He is being sued in both his individual and official capacities.

3.      Defendant, Officer Dohan, Badge No.: 4690, (hereinafter referred to as "Officer Dohan"), whose first name is unknown to plaintiff--and who, at the time described below, worked in the 14th Police District--is an adult individual and police officer for the City of Philadelphia with a principal place of business at the above stated address. He is being sued in both his individual and official capacities.

4.      Defendant, the City of Philadelphia (hereinafter referred to as "the City"), is a municipal entity established by the Commonwealth of Pennsylvania, which owns, operates and manages the Philadelphia Police Department  and which has a principal business address at the above-stated address.

5.      At all times relevant hereto, defendants-- Officer Lesko and Officer Dohan--were agents, servants, workmen and/or employees defendant--the City--and were acting within the course and scope of their authority.

6.      On or about March 25, 2014 at approximately 1:00 a.m.,  at or near Chew Avenue and Washington Lane, Philadelphia, PA,  defendants--Officer Lesko and Officer Dohan--after plaintiff allegedly would not comply with a police request, shot plaintiff in the back with Taser, knocking plaintiff to his knees, face down onto the ground.

7.      While on the ground, defendants again shot plaintiff with another Taser, this time in his ankle, knocking plaintiff unconscious.

8.      There was no legal justification for defendants to shoot plaintiff with a Taser and such actions constitute assault and battery under Pennsylvania law.

9.      The aforementioned Taser shots caused excruciating pain to plaintiff causing him to require hospital and medical treatment.

10.     As a further direct and proximate result of the above actions of the defendants, plaintiff, Christopher Harris, has been and may be in the future required to receive and undergo medical treatment and care and has expended and may continue to expend in the future, various and diverse sums of money for the aforementioned treatment, all of which is to the plaintiff's great financial detriment and loss.

11.     As a further direct and proximate result of the above actions of the defendants, plaintiff, has been unable to attend to his usual and daily activities, occupation and labors and may have

sustained a loss in earnings and/or impairment of his earning capacity or power.

## *COUNT I*

12.     Paragraphs one (1) through eleven (11) of this complaint are hereby incorporated as if each were fully set forth at length herein.

**WHEREFORE**, plaintiff demands judgment against defendants--Officer Lesko, Officer Dohan and/or the City--jointly and/or severally--for compensatory damages in an amount **in excess** of fifty thousand dollars ($50,000.00), along with costs, attorneys fees, interest and such other and further relief as the Court may deem just and proper.

## *COUNT II*

13.     Paragraphs one (1) through twelve (12) of this complaint are hereby incorporated as if each were fully set forth at length herein.

14.     The aforementioned actions of defendants--Officer Lesko, Officer Dohan and/or the City-- were outrageous, wanton, willful and reckless, thereby entitling plaintiff to punitive damages against the aforesaid defendants.

**WHEREFORE**, plaintiff demands judgment against defendants--Officer Lesko, Officer Dohan and/or the City--jointly and severally, for punitive damages, in an amount **in excess** of fifty thousand dollars ($50,000.00), along with costs, attorneys fees, interest and such other and further relief as the Court may deem just and proper.

*Respectfully submitted,*
*STANSHINE & SIGAL, P.C.*

BY: _____

*MARTIN STANSHINE, ESQUIRE*
*Attorney for Plaintiff*

# *VERIFICATION*

I, ___Christopher Harris___, hereby state that I am the plaintiff in the within

action and verify that the statements made in the foregoing ***COMPLAINT*** are true and correct

to the best of my information, knowledge and belief.

    I, the undersigned, understand that the statements made herein are made subject to the

penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
CHRISTOPHER HARRIS

___1/4/2016___
(DATE)

# EXHIBIT C

03/23/2016 10:22AM FAX  2155450668            STANSHINE SIGAL                              ☎ 0001/0001

CITY OF PHILADELPHIA LAW DEPARTMENT
MICHAEL R. MILLER
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 315759
1515 ARCH STREET, 14ᵀᴴ FLOOR
PHILADELPHIA, PA 19102
(215) 683-5433
(215) 683-5397 (fax)
michael.r.miller@phila.gov



|  |  |  |
|---|---|---|
| CHRISTOPHER HARRIS, | : | PHILADELPHIA COUNTY |
|  | : | COURT OF COMMON PLEAS |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| CITY OF PHILADELPHIA, et al., | : |  |
|  | : | Case ID No. 160100575 |
| **Defendants.** | : |  |

### STIPULATION TO DIMISS CLAIMS

AND NOW, this 22nd date of March, 2016, the parties in this matter hereby AGREE and

STIPULATE that all Plaintiff's claims against the City of Philadelphia are DISMISSED.  This

stipulation shall not affect Plaintiff's claims against any other party.

_Martin Stanshine_
Martin Stanshine
Stanshine & Sigal, P.C.
1528 Walnut St., Suite 700
Philadelphia, PA 19102
*Counsel for Plaintiff*

_MRM_
Michael R. Miller
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14ᵗʰ Floor
Philadelphia, PA 19102
*Counsel for Defendants*

Case ID: 160100575

Control No.: 16032994

# EXHIBIT D



### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL



*HARRIS*

*VS*

*LESKO, BADGE NO. 3374 ETAL*

*January Term 2016*

*No. 00575*

**DOCKETED**
**CASE MANAGEMENT CENTEI**

APR **2 9** 2016

**T. ITALIANO**

*CASE MANAGEMENT ORDER*
*EXPEDITED TRACK*

Harris Vs Lesko, Badge -CMOI:

16010057500023

AND NOW, *Friday, April 29, 2016,* it is Ordered that:

1.  The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2.  All *discovery* on the above matter shall be completed not later than *03-OCT-2016.*

3.  *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *03-OCT-2016.*

4.  *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *07-NOV-2016.*

5.  All *pre-trial motions* shall be filed not later than *07-NOV-2016.*

6.  A *settlement conference* may be scheduled at any time after *07-NOV-2016.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a).  A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b).  A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c).  Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.  A *pre-trial conference* will be scheduled any time after *03-JAN-2017.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).    A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.    *It is expected that the case will be ready for trial 06-FEB-2017,* and counsel should anticipate trial to begin expeditiously thereafter.

9.    All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

**BY THE COURT:**

*ARNOLD NEW,   J.*
*TEAM LEADER*

TMI45950(REV 11/04)

# EXHIBIT E

#7

CHRISTOPHER HARRIS,                           :       PHILADELPHIA COUNTY
                                              :       COURT OF COMMON PLEAS
            Plaintiff,                        :       **MOTION SUBMITTED**
                                              :
   v.                                         :       JUL 1 1 2016
                                              :
OFFICER LESKO, et al.,                        :       **UNCONTESTED**
                                              :       **CASE ID No. 160100575**
            Defendants.                       :
                                              :

**ORDER**

AND NOW, this ___11th___ day of ___July___, 2016, it is **HEREBY**

**ORDERED** that the Defendants' Motion to Compel Discovery is **GRANTED,** and that the

Plaintiff shall respond to the Defendants' Interrogatories and Requests for Production within

fourteen (14) days of the entry of this Order.

Harris Vs Lesko, Badge No 3374 Etal-ORDER

1601005750030

**DOCKETED**

JUL 1 2 2016

**L. PACETTI
JUDICIAL RECORDS**

**BY THE COURT:**

_____

Discovery Deadline: October 3
COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  P. DIVON 07/13/2016

# EXHIBIT F

CITY OF PHILADELPHIA LAW DEPARTMENT
**MICHAEL R. MILLER**
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 315759
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
(215) 683-5433
(215) 683-5397 (fax)
michael.r.miller@phila.gov



| | | |
|---|---|---|
| **CHRISTOPHER HARRIS,** | : | **PHILADELPHIA COUNTY** |
| | : | **COURT OF COMMON PLEAS** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | **Case ID No. 160100575** |
| **Defendants.** | : | |

## STIPULATION TO DIMISS CLAIMS

AND NOW, this 24th date of August, 2016, the parties in this matter hereby AGREE and

STIPULATE that all Plaintiff's claims against Officer Lesko are DISMISSED. This stipulation

shall not affect Plaintiff's claims against any other party.

/s/ Martin Stanshine
Martin Stanshine, Esq.
Stanshine & Sigal, P.C.
1528 Walnut St., Suite 700
Philadelphia, PA 19102
*Counsel for Plaintiff*

/s/ Michael Miller
Michael Miller, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Counsel for Defendants*

# EXHIBIT G

50100575 - Opening document                                         https://fjdefile.phila.gov/efs/temp/P8HR...

#/0

*CHRISTOPHER HARRIS*  :  **COURT OF COMMON PLEAS**
      *vs.*  :  **PHILADELPHIA COUNTY**
   :
*OFFICER LESKO, Badge No.: 3374*  :  **JANUARY TERM, 2016**
    *and*  :
*OFFICER DOHAN, Badge No.: 4690*  :  **NO. 0575**

## O R D E R

    *AND NOW*, this __12__ day of __September__, 2016, it is hereby

***ORDERED*** and ***DECREED*** that:

    1.    The objections of Defendants -- ~~Officer Lesko and~~ Officer Dohan -- to

plaintiff's request for production 2, 3, 4 and 5 are *STRICKEN*

    2.    The objections of Defendants -- ~~Officer Lesko and~~ Officer Dohan -- to

plaintiff's interrogatories 4 and 10 are *STRICKEN.*

    3.    Defendants must fully and completely answer the above mentioned

requests and interrogatories within twenty (20) days or risk sanctions.

                 BY THE COURT,

                                     J.

**DOCKETED**

SEP 1 3 2016

W. BERNSTEIN
JUDICIAL RECORDS

Harris Vs Lesko, Badge No. 3374 Etal-ORDER

16010057500035

Case ID: 160100575

# EXHIBIT H



## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| **HARRIS** | **January Term 2016** |
| **VS** | **No. 00575** |
| **LESKO, BADGE NO. 3374 ETAL** | |

## O R D E R

**AND NOW**, this 6th day of December 2016, having determined that the amount in controversy is below the mandatory arbitration limits, it is **ORDERED** and **DECREED** that the within matter is **REFERRED** to Arbitration pursuant to PA Rule of Civil Procedure 1021 (d). Notice of the Arbitration Hearing will be forthcoming from the Arbitration Center.

**BY THE COURT:**

**DENIS COHEN, J**
*Team Leader*

**DOCKETED**

DEC 0 7 2016

J. EVERS
DAY FORWARD

JPED0453~(created 11/24/15)

Harris Vs Lesko, Badge -ORDER

16010057500045

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  N. ERICKSON  12/07/2016

# EXHIBIT I



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

**HARRIS VS LESKO, BADGE
NO. 3374 ETAL**

__JANUARY__ TERM, __2016__

No. __00575__

## ADMINISTRATIVE ORDER

*AND NOW, January 5, 2017, upon consideration of the within Arbitration Application for*

*Continuance, the request is*

☐  **Denied**

☒  **Granted and the hearing is rescheduled for May 10, 2017 at 9:15 am in the**

**Arbitration Center, 1880 JFK Blvd., 5th Floor.**

Notice given under PA.R.C.P. 236

**M. EAGEN**

*Arbitration Center
1880 JFK Blvd., 5th Floor
Philadelphia, PA 19107*

1701008160

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  C. MARTUCCI  01/06/2017

\\zdrparbapp 3/09

# EXHIBIT J

### First Judicial District of Pennsylvania
### Philadelphia Court of Common Pleas

CHRISTOPHER HARRIS

JANUARY Term, 2016 0057 5
(Month)          (Year)    (No.)

**Arbitration**
*(Please indicate type of action)*
☐ Motor Vehicle

(Date of Accident) _____

*Versus*

Officer LESKO NO. 3374 (DISMISSED)

Officer DOHAN NO. 4690

City of PHILA (DISMISSED)

Harris Vs Lesko, Badge -AWFFD +1)

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
16010057500057   = 6%)

☐ Assessment of Damages
☑ Other ASSAULT/BATTERY 3/25/2014

## Report and Award of Arbitrators

And Now, this __10th__ day of __MAY_____, Year 2017, we the undersigned arbitrators having been duly appointed and sworn, make the following award:

WE FIND IN FAVOR OF DEFENDANT. WE AWARD
-O- DAMAGES.

Please name the parties if there are more than one plaintiff and/or defendant. Please address all counterclaims and cross claims. Please complete percentage of negligence on reverse side if applicable.

_____
Chairperson

Scott ORLoff 1845 WALNUT St 24th FLOOR PHILA PA 19103 #5 7505
Please Print Name, Address and I.D. No.

_____
Arbitrator

Norman H. O'SHTRa 1819 JFK Blvd Phh/Pa 901
Please Print Name, Address and I.D. No.

_____
Arbitrator

Spencer WerTheiner 1835 Market
Please Print Name, Address and I.D. No. 12644

**List Attorneys of Record and Unrepresented Parties Who:**

Appeared at the hearing:
MARTIN STANSHINE, ESQ.
MICHAEL MILLER, ESQ.

Did Not Appear at the Hearing:
_____
_____

30-210 (Rev. 2/09)

# Questions to be Answered by
# the Arbitrators in Negligence Cases

**Instructions:**

Taking the combined negligence that was a substantial factor in bringing about any or all of the plaintiff's injuries, damage or losses as 100%, answer the following questions and state in percentages the causal negligence attributed to each party you have found causally negligent.

Do you find that any defendant or additional defendant was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____%

_____   _____%

_____   _____%

_____   _____%

Do you find that any plaintiff was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____%

_____   _____%

_____   _____%

_____   _____%

                                    **Total**            **100%**

---

# Notice of Entry of Award

And Now, this _____ day of _____, Year _____, at _____, _____.m., the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys.

**DOCKETED**
**ARBITRATION**

MAY 1 0 2017   _____
                         *Prothonotary*

(Arbitration compensation to be **S. PRESSLEY**
paid on appeal $225.00)              By:

_____

Separate Appeals must be filed with the Prothonotary pursuant to PA. R. Civ.P.No.1308, and the requisite fees paid, if two or more cases are consolidated for Trial and/or Discovery purposes. Only those cases which are appealed will be scheduled for a *de novo* hearing. Awards in cases not appealed will become final upon expiration of the appeal time.

30-210 (Rev. 2/09)

# EXHIBIT K

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS** | : | **JANUARY TERM, 2016** |
| **v.** | : | **No. 575** |
| **OFFICER LESKO et al.** | : | **CONTROL NO. 17055374** DOCKETED |
| | : | MAY 2 5 2017 |
| | : | N. ERICKSON DAY FORWARD |

### ORDER

**AND NOW**, this ⟨24⟩ day of May, 2017, upon consideration of the Petition

to Proceed *In Forma Pauperis* filed by Christopher Harris, it is hereby **ORDERED and**

**DECREED** that said Petition is **DENIED.**[1]  Plaintiff shall pay the requisite filing fees

within twenty (20) days of the entry of this Order or risk further action.

BY THE COURT:

_____
FOX, J.



Harris Vs Lesko, Badge -ORIFP

16010057500065

---

[1]The docket indicates that Plaintiff is represented by an attorney.  Pa.R.C.P. 240(d)(1) states, "if a party is represented by an attorney, the prothonotary shall allow the party to proceed *in forma pauperis* upon the filing of a praecipe which contains a certification by the attorney that he or she is providing free legal service to the party and believes the party is unable to pay the costs."  As no such praecipe was filed, Plaintiff's Petition is Denied.

# EXHIBIT L

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS** | : | **JANUARY  TERM, 2016** |
| | : | |
| **PLAINTIFF** | : | **NO. 00575** |
| **V.** | : | |
| | : | **CONTROL NO.     170533306** |
| **OFFICER DOHAN, BADGE: NO. 4690** | : | |
| | : | |
| **DEFENDANT** | : | |

DOCKETED
COMPLEX LIT CENTER

JUN **6**  2017

**J. STEWART**

### ORDER

**AND NOW**, this 5th  day of June, 2017, a Rule is entered against all parties of

interest to show cause why Martin Stanshine, Esquire, and Stanshine & Sigal, should

not withdraw as counsel of record for Plaintiff, Christopher Harris, in the above

captioned matter.

**RULE RETURNABLE** the 11th day of July, 2017 at 9:30 a.m. in Court Room 253,

City Hall.

It is further **ORDERED** that Movant shall notify all parties of interest of the Rule

hearing and shall notify the client of the Motion and Rule hearing by certified and

regular mail.

**BY THE COURT:**

Harris Vs Lesko, Badge -ORDER

||||||||||||||||||||
16010057500073

**LISETTE SHIRDAN-HARRIS, J.**

# EXHIBIT M

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS** | : | |
| **PLAINTIFF** | : | |
| | : | **JANUARY TERM, 2016** |
| | : | |
| **v.** | : | **NO.   00575** |
| | : | |
| **OFFICER DOHAN, BADGE: NO. 4690** | : | **CONTROL NO.      17053306** |
| **DEFENDANT** | : | |

## ORDER

**AND NOW**, this 15th day of June, 2017, at the request of Martin Stanshine, Esq., counsel of record for Plaintiff, Christopher Harris, the July 11, 2017 Rule hearing to withdraw as counsel is rescheduled to July 25, 2017 at 9:30 a.m. in Court Room 253, City Hall.

It is further **ORDERED** that Movant shall notify all parties of interest of the Rule hearing and shall notify the client of the Motion and Rule hearing by certified and regular mail.

**BY THE COURT:**

**LISETTE SHIRDAN-HARRIS, J.**

Harris Vs Lesko, Badge -ORDER

16010057500076

DOCKETED
COMPLEX LIT CENTER

JUN 1 6 2017

J. STEWART

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  J. STEWART  06/19/2017

# EXHIBIT N

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS** | : | **JAUNUARY TERM, 2016** |
| | : | |
| | : | **NO.  00575** |
| **VS** | : | |
| | : | **Control No. 17053306** |
| **LESKO, BADGE NO. 3374, ETAL** | : | |
| | : | |

## O R D E R

**AND NOW**, this 25th day of July, 2017, it is hereby **ORDERED** and

**DECREED** that the Petition of Counsel for leave to withdraw as counsel is **GRANTED**.

Counsel is granted leave to withdraw from representing plaintiff, Christopher Harris.

Within ten (10) days of the entry of this Order Counsel shall file a **Praecipe to**

**Withdraw as Counsel** with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client and also updating the Office

of Judicial Records with the address upon which all further notices from the Court shall

be sent to the client.

**All deadlines remain in effect.**

BY THE COURT:

_____

**L. SHIRDAN-HARRIS, J.**
**TEAM LEADER**

Harris Vs Lesko, Badge -ORDER

16010057500080

# EXHIBIT O

**FILED**

03 APR 2018 03:24 pm

**Civil Administration**

**N. SWEENEY**

CHRISTOPHER L. HARRIS

VS.

OFFICER DOHAN, BADGE NO. 4690

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
JANUARY TERM, 2016
NO. 0575

## PLAINTIFF'S SETTLEMENT CONFERENCE/PRE-TRIAL MEMORANDUM

### I.    FACTS GIVING RISE TO THE ACTION:

On March 25, 2014, at about 1:00 A.M., defendant—Officer Dohan, Badge No. 4690—

after plaintiff—Christopher L. Harris allegedly would not comply with police request, shot

plaintiff in the back with a Taser, knocking plaintiff face down on the ground.  While on

the ground, defendant engages the same prong's into plaintiffs' back again; then for a

third time—switching the Taser to "Stun Mode" and administering it this time on his right

ankle—knocking plaintiff unconscious.

### II.    THEORY OF LIABILITY OR DEFENSE:

These intriguing observations are remarkable for more than one (1) reason. If there was

no immediate threat from the plaintiff, then employment of a Taser—at three (3)

separate times were unnecessary; the above described actions of defendant—Officer

Dohan, Badge No. 4690—constitute the torts of assault, battery, excessive force with

intentional infliction of emotional distress, and were a violation of the Civil Rights Act of

1871 (42 U.S.C. subsection 1983).

### III.    INJURIES:

After the incident, plaintiff was taken to Einstein Hospital. It was apparent that the

plaintiff—Christopher L. Harris had been suffering from a Taser shock, and was there for

Taser removal, but in the ED Physician Record—Teaching Supervisory Addendum—by

Vanderbeek MD, Paul B—there were none found. At that time, the plaintiff—Christopher

L. Harris had been discharged to Philadelphia Police Department (PPD). Defendant—

Officer Dohan, Badge No. 4690 issues a Non-Traffic Statutory Summary Offenses—
Citation—requiring plaintiff to appear for trial in Courtroom 404 Criminal Justice Center,
1301 Filbert Street on April 8, 2014 at 2:00 P.M., but after responding with consent to
appear for trial—there was not a complaint number within listing(s) of Philadelphia
Municipal Court; it was a clear and convincing implication that the personal knowledge
or information and belief of the charges were, in fact, not on record.  A year later, the
plaintiff consulted with Primary Care Physician—Arun Mohanty, M.D., P.C.—whose
examination and diagnosis (i.e., Secondary) were that Christopher L. Harris have been
effected with anxiety.  This resulted in temporary disability for less than 12 months;
which were direct and approximate symptoms in association with the Taser shooting and
shock received while in "Stun Mode."  The plaintiff has outstanding bills somewhere in
the area of $4,000.00 to $4,500.00.  The plaintiff also have been living with
considerable pain for three (3) and a half years, facing extreme emotional stress and
difficulties—knowing that Christopher L. Harris—the plaintiff experienced a "Taser" and
"Shock" at three (3) distinct instances by police, "under color of law," without due
process or justification.

## IV.   ALL DAMAGES AND SPECIFIC ITEMIZATION:

The plaintiff is claiming the torts of Assault, Battery, Excessive Force with Intentional
Infliction of Emotional Distress, and violation of the Civil Rights Act of 1871 (42 U.S.C.
subsection 1983).

- **Exhibit A.**  Albert Einstein Hospital (Bill for 3/25/14) $1,493.50—Emergency
  room treatment for Taser
- **Exhibit B.**  Einstein Practice Plan (Bill for 3/25/14) $220.00
- **Exhibit C.**  Albert Einstein Hospital (Bill for 5/21/14) $2,065.25—Treatment for
  back pain connected to Taser
- **Exhibit D.**  Einstein Practice Plan (Bill for 3/25/14) $250.00

- **Exhibit E.** Arun Mohanty M.D., P.C. (Employability Assessment Form) Diagnosis—Anxiety (i.e., Secondary)—Temporarily Disabled for Less Than 12 Months (06/03/15 until 06/03/16) $30,000.00 economic loss

- **Exhibit F.** Pictures of Taser shooting on right ankle

- **Exhibit G.** Hospital Discharge Summary

- **Exhibit H.** Report And Award of Arbitrators

- **Exhibit I.** Oral Deposition of Officer Dohan, Badge No. 4690

- **Exhibit J.** Non-Traffic Statutory Summary Offenses—Citation

- **Exhibit K.** Einstein Hospital Account Itemization

V.   CURRENT DEMAND & CURRENT OFFER:

For $850,000.00—current offer is $0 as per Report and Award of Arbitrators.

VI.   ESTIMATED TRIAL TIME:

It could be expected that trial may take between one (1) to three (3) days.

VII.   LIST OF WITNESSES:

- Officer Dohan, Badge No. 4690—1515 Arch Street 14th Floor, Philadelphia, PA 19102

**Count I**

**Violation of 42 U.S.C Section 1983**

**(Plaintiff v. Dohan [All Defendants if Applicable])**

The foregoing paragraphs are fully incorporated herein as though set forth at length.

The actions of all defendants, collectively and individually in planning, conducting and carrying out the assault of plaintiff, as well as the uncontrolled, unwarranted, and illegal Taser (i.e., shocking) deprived said plaintiff (Mr. Harris) of his constitutional rights – as

guaranteed by the Fourth amendment of the Constitution, section 8 of the Pennsylvania Constitution and 42 U.S.C. Section 1983, in inter alia, the following manners:

   (a) In the unlawful Taser of the Plaintiff;

   (b) In the unlawful arrest and detention of Plaintiff;

   (c) In the unreasonable use of force, or use of excessive force in the said Taser of plaintiff at the hands of Defendants;

   (d)   In the unlawful assault and battery of the Plaintiff at the hands of Defendants;

   (e) In the unlawful restraint of the Plaintiff by the Defendants;

   (f) In the intentional or neglectful infliction of emotional distress upon the Plaintiff;

   (g) In the development, implementation and carrying out of a policy, practice, or procedure designed to allow the use of excessive force, unlawful searches and seizures, physical assaults on innocent citizens and deprivation of Constitutional rights of citizens;

   (h) In the failure of the individual defendants to preclude, prevent, or restrain the other individual defendants from effecting such deprivation of constitutional rights;

   (i) In the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens of the City of Philadelphia and those who visit the City of Philadelphia, by negligent retention of personnel and the negligent assignment of certain personnel to high risk units that would result in the likelihood of serious injury to innocent citizens or visitors of the City of Philadelphia;

   (j) In the developing, implementing, and carrying out a policy, practice, procedure or custom which made no reasonable efforts to comply with standards for public intoxication and police encounters and the utilization of equipment and training that would have prevented the overreaction by the police to the events of that evening;

(k) In condoning and conducting and failing to restrain an unlawful and unjustified application of force in violation of the Constitutional rights of said Plaintiff;

(l) In developing, implementing, and carrying out a policy, practice, procedure, or custom which amounted to a violation of the Equal Protection Clause and a deprivation of life and liberty actionable under 42 U.S.C. Section 1983;

(m)   In developing, implementing, and carrying out a policy, practice, procedure, or custom which made no reasonable or proper provision for the application of force for the preservation of personal safety of persons such as Plaintiff Harris, when his personal safety was placed in jeopardy by the ultra-hazard activities carried out by one or more of the Defendants;

(n) In deliberately failing to train, or continue the training of, all the Defendants in the recognition of the proper use of force and proper techniques of conducting the issuance of a lawful Non-Traffic Summary Offenses Citation;

(o) In failing to properly train, supervise, monitor, and control the actions of all the Defendants, so that the proper prior policy, practice, procedure, or custom could be accomplished safely and without the use of excessive force or undue risk to persons situated similarly to said Plaintiff in that the Defendants failed to follow training procedures and policy that would have prevented the assault and battery conducted by them on said Plaintiff and others, allowing the Defendants to overreact and injure said Plaintiff;

(p) In failing to properly develop, implement, and carry out a policy, practice, procedure, or custom conforming to the Constitutional requirements of citizens and pedestrians in the public, who should be free from subjection to unlawful searches and seizures, assault and battery with excessive force used upon them by individuals operating under color of law; and

(q) In failing to oversee, monitor, control, curtail, or restrain the actions of the individual Defendants in carrying out such operations when all of the Defendants

knew, or should have known, from prior operations of this kind, and/or from prior

acts of misconduct by the individual Defendants, that, if not conducted in

compliance with prior training and with the utilization of proper equipment by the

individual Defendants, that the likelihood of property damage, physical and

psychological injury, and the deprivation of Constitutional rights of innocent

citizens would be substantial.

As a direct and proximate result of the aforesaid actions and omissions of all the

Defendants in developing, implementing, and carrying out the aforesaid policy or

policies or procedures, the Plaintiff has suffered injuries, losses, and/or damages

including, but not limited by specification to, the following:

(a) Loss of the use, benefit and enjoyment of life;

(b) Physical and mental pain and suffering and anguish, and embarrassment
and humiliation;

(c) Physical injuries, all causing severe pain; loss of valuable and inalienable
rights to be free from unlawful search, free from excessive force and loss
of privileges or immunities of citizens of the United States, deprivation of
personal life, liberty, or property, without due process of law, denying
within its jurisdiction the equal protection of the laws."

(d) Loss of income;

(e) Medical expenses;

(f) Punitive damages, which are justified factually and legally due to the
outlandish and outrageous conduct, actions, and/or omissions of one or
more of the Defendants as aforesaid.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this

Honorable Court award a Judgement in his favor and against all named Defendants,

jointly and severally, molded by the Court to maximize the financial recovery

available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

## Count II

### Violations of 42 U.S.C Subsection 1983 and 1986

### (Plaintiff v. Dohan [All Defendants if Applicable])

The foregoing paragraphs are incorporated herein and official in their entirety as if set forth in full.

Defendant Officers, both in their individual and official capacities, had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff, but neglected and/or failed to prevent said wrongful and illegal acts when they had the power and statutory obligation to do so.

Defendants' neglect, aid and refusal to prevent and/or rectify infringement of the constitutional rights of Plaintiff constitute a violation of the Civil Rights Act, Section 1986.

As a proximate and direct result of the above mentioned acts, Plaintiff has been damaged and has suffered injuries and was forced to endure physical pain, suffering and emotional distress, as well as mental anguish stemming from the deprivation of rights.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this Honorable Court award a Judgement in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

## Count III

### Violations of 42 U.S.C. Subsection 1983 and 1985

### (Plaintiff v. Dohan [All Defendants if Applicable])

The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

At all times relevant herein, Defendants did conspire to deprive Plaintiff of his constitutionally and statutorily guaranteed rights pursuant to Constitution to the United States.

At all times relevant herein, Defendants further conspired to conceal the deprivations of liberties set forth above.

These conspiracies constituted and continue to constitute ongoing violations of 42 U.S.C. Section 1985.

As a direct and proximate cause of Defendants' unlawful conspiracy to deprive Plaintiff of his aforesaid rights, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this Honorable Court award a Judgement in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

### Count IV

### <u>Assault and Battery</u>

### (Plaintiff v. Dohan [All Defendants if Applicable])

The foregoing paragraphs are fully incorporated herein as though set forth at length.

As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this Honorable Court award a Judgement in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

### Count V

### <u>Intentional Infliction of Emotional Distress</u>

### (Plaintiff v. Dohan [All Defendants if Applicable])

The foregoing paragraphs are fully incorporated herein as though set forth at length.

The aforesaid extreme and outrageous conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions to surpass all bounds of decency universally recognized in a civilized society.

As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

(a) Emotional and psychological distress and trauma:

(b) Mental anguish;

(c) Psychic pain and suffering;

(d) Severe fright, horror, and grief;

(e) Shame, humiliation, and embarrassment;

(f) Severe anger, chagrin, disappointment, and worry, and;

(g) Justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this Honorable Court award a Judgement in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

**Count VI**

## Negligent Infliction of Emotional Distress

### (Plaintiff v. Dohan [All Defendants if Applicable])

The foregoing paragraphs are fully incorporated herein as though set forth at length.

The aforesaid negligent conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind and immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions to surpass all bounds of decency universally recognized in a civilized society.

As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

(a) Emotional and psychological distress and trauma;

(b) Mental anguish;

(c) Psychic pain and suffering;

(d) Severe fright, horror, and grief;

(e) Shame, humiliation, and embarrassment;

(f) Severe anger, chagrin, disappointment, and worry, and;

(g) Justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Christopher Harris, respectfully requests that this Honorable Court award a Judgement in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery

available to Plaintiff in light of the caps on certain damages set forth in applicable state law.

Respectfully submitted,

Christopher L. Harris