# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HARRIS, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No. 18-1475 |
| OFFICER LESKO, *et al.* | |
| *Defendants.* | |

## ORDER

**AND NOW**, this 29th day of June, 2018, upon consideration of correspondence from Plaintiff, proceeding *pro se*, requesting that the Court vacate its June 13, 2018, Order dismissing this case as settled pursuant to Local Rule of Civil Procedure 41.1(b), it is hereby **ORDERED** that the request is **DENIED**.[1]

---

[1] On June 12, 2018, during a status conference in this matter, the parties reached a settlement agreement, the terms of which were agreed to by Plaintiff on the record. The following day, the Court issued an order dismissing this case as settled pursuant to Local Rule of Civil Procedure 41.1(b) (hereinafter "Local Civil Rule 41.1(b)"). On June 25, 2018, Plaintiff, proceeding *pro se*, submitted a letter indicating that the parties "have communicated a non-payment of funds via email on June 12, 2018," which communication "receive[d] acknowledgement on June 13, 2018." Plaintiff's letter requests that the Court vacate the June 13, 2018, Order under Local Civil Rule 41.1(b).

Because a settlement agreement is a contract, such an agreement, "voluntarily entered into, is binding upon the parties . . . even if it is clear that a party had a change of heart between the time [he or she] agreed to the terms of the settlement and when those terms were reduced to writing." Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007) (internal quotation marks omitted). Thus, where, as here, the parties reached a settlement agreement, an order dismissing the action under Local Civil Rule 41.1(b) will not be vacated. See id. (denying party's motion to vacate order of dismissal under Local Civil Rule 41.1(b) where the party represented her acceptance of the other party's settlement offer to a magistrate judge with whom the parties had met for a settlement conference).

Accordingly, the Court's June 13, 2018, Order dismissing this case pursuant to Local Civil Rule 41.1(b) will not be vacated, and either party may, if necessary, move to enforce the settlement agreement.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.

Christopher L. Harris

Pro se Litigant

Case No. 18-1475

Philadelphia, PA 19144

harrischrisl@msn.com

June 25, 2018

**VIA U.S. MAIL**

The Honorable Mitchell S. Goldberg

U.S. District Court, Eastern District of Pennsylvania

7614 U.S. Courthouse

601 Market Street

Philadelphia, PA 19106

      RE:    Application to Vacate Order, No. 18-1475

Dear Judge Goldberg,

      Deputy City Solicitor Michael R. Miller and Pro Se Litigant Christopher L. Harris have communicated a non-payment of funds via email on June 12, 2018. An order receives acknowledgement on June 13, 2018. Pro se Litigant Christopher L. Harris now request The Honorable Judge Goldberg to vacate the order under Rule 41.B in Federal Rules of Civil Procedure... Under Rule 34 in Federal Rules of Civil Procedure, Christopher L. Harris request concurrently that defendant(s) produce documents from State Court discovery: Taser report; use-of-force report; police report and property receipt. The plaintiff is further requesting that Judge Goldberg issue a Scheduling Order and up to 60 days for additional discovery on the case. The plaintiff Christopher L. Harris duly request Summary Judgement or partial judgement on the case under Rule 56 – subsequently as a matter of law.

      Respectfully Submitted,

      Christopher L. Harris