To: Mitchell S. Goldberg, Magistrate Judge

From: Christopher L. Harris, Pro se litigant

Date: August 09, 2018

Re: Harris v. Officer Lesko, Badge No. 3374, Officer Dohan, Badge No. 4690, City of Philadelphia

**Question Presented:** Whether pro se litigant can argue **<1>** that conditions of a Philadelphia Police Department "Stop and Seizure" and "objective reasonableness" of their "Taser" training programs and customs – alleged in my complaint **<2>** amount to Excessive Force under 42 U.S. Code § 1983 (Section 1983). **<3>** Based on Fourth Amendment Rights to be "secure against unreasonable searches and seizures," and claims of violations to 42 U.S. Code Subchapter I - generally. Proving excessive force in violation of "Section 1983," the pro se litigant must provide the following: (1) relevant elements in a cause of action and argue the conduct of a person, (2) whose actions were imposed under "color of law," (3) and proximately cause, (4) a deprivation of federally protected rights, privileges or immunities secured by the United States Constitution. Renk v. City of Pittsburgh, 537 Pa. C.S.A. A.2d 289, 292 (1994). The ruling holds that a police officer might be liable for assault and battery, if the jury can find their conduct unnecessary or excessive under standards of tort liability.

**Brief Answer:** Pro se litigant can argue that such proximate cause of conditions brought upon me **<4>** have amount to unreasonable search and seizure under Fourth Amendment to the U.S. Constitution. Whereby, within the litigation process – pro se litigant will have to **<5>** establish required elements of a civil assault and civil battery – which establishes proof the following elements were present: (1) Intentional touching of, or application of force to, the body of another person, (2) in a harmful or offensive manner, and (3) without the victim's consent. **<6>** In relation to (4) an intentional attempt or threat to inflict injury on another person, (5) coupled with an apparent ability to cause the harm, and (6) create a reasonable apprehension of bodily harm or offensive contact in the victim, short of legal

standard and violations of the U.S. Constitution, Robinson v. Solano County, 278 F.3d 1007, 1016 [9th Cir. 2002],) and thrust upon "City Policy."

**Statement of Facts:** On March 25, 2014 Officer Dohan, Badge No. 4690, Officer Lesko, Badge No. 3374, and City of Philadelphia, after pro se litigant allegedly would not comply with a police officer's request – shoots pro se litigant in the back with a Conducted Energy Device (CED) or Taser; knocking pro se litigant face down onto the ground. Id at 15:17; 20:23-24, 21:1 Dep. According to Taser International's own material, Taser shocks can cause: (1) burns, (2) scars, (3) infections, (4) seizures, (5) hernia, (6) vision loss, or (8) tissue damage; which also temporarily paralyzed pro se litigants' central nervous system. **<7>** Whereas, while on the ground – Officer Dohan, Badge No. 4690 perpetrates the same two prongs for deployment into pro se litigants' back again. Id at 22:16-19 Dep. **<8>** Furthermore, while in "Drive Stun" mode – the law enforcement officer – commits to a third Taser application. Id at 22:8; 27:5-9 Dep. **<9>** At that time; the law enforcement official switches the Taser to "Back-up Drive Stun" mode for a fourth application, this time in my right ankle; knocking me unconscious. Id at 33:8-14; 33:13-15 Dep. **<10>** No legal justification is put forward – permitting police officers to shoot pro se litigant with a Taser, and such action constitutes a common law tort of False Arrest, therefore Excessive Force under Federal law. **<11>** The aforementioned applications of force have caused pro se litigant to experience excruciating punishment, which also required hospital visitation to Albert Einstein Medical Center's Emergency Room, almost immediately after being arrested; as the "City Policy." Id at 3:1-6; 22:14-19; 34:19-24 Dep. **<12>** Law enforcement officials did not go to a hearing in relation to this on-the-street encounter; with Philadelphia Police. Id at 45:24 Dep. **<13>** Pro se litigant was not charged with Resisting Arrest (Title 18 Chapter 51, § 5104). Id at 46:4-9 Dep.

**Discussion: <14>** I. Because pro se litigant had been born in the United States and otherwise a citizen – I was qualified to receive the benefit of equal rights under the law (42 U.S.C. § 1981). **<15>** 42 U.S. Code § 1981 – statement of equal rights – assert "the full and equal benefit of all laws and proceedings for the security of persons... subject to like punishments, pains, penalties..." Unless pro se litigant was either resisting arrest, attempting to flee, or otherwise an immediate threat to safety or others. In contrast, neither pro se litigant, nor law enforcement officials make an appearance in court; yet find pro se litigant guilty of any underlying crime allegations in relation to the encounter (Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 [1987].)

A. The Fourth Amendment "reasonableness" inquiry is to determine whether the officer's action, as such, were "objectively reasonable" in light of the circumstances confronting them, without regard to their underlying intent or motivation. Reasonableness so described as just, rational, appropriate, ordinary or usual in the circumstances. For exactly what the United States Constitution would forbid is not all searches and seizures, but unreasonable searches and seizures (42 U.S.C. § 1983 under color of law). Elkins v. United States, 364 U.S. 206, 222 (1960). **<16>** Because I was naturally born and raised in the United States, from 1979 to present, pro se litigant is a citizen and otherwise qualified to receive benefits, such as the protection of United States Constitutional Rights [392. U.S. 1, 9], Terry v. Ohio, 392 U.S. 1 (1968). **<17>** The Fourth Amendment provides the right of the people to be "secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated..." **<18>** Pro se litigant apparently "fell," and failed to remove a hand from its respective jacket pocket, after allegedly pushed from behind. Id at 15:9-22 Dep. **<19>** I fell face first, right into the ground. Id at 15:17 Dep. **<20>** Philadelphia Police officials allegedly "attempt to handcuff" me. Id at 15:22 Dep. **<21>** Pro se litigant experienced a lack of prosecution for such allegations of crime involving the incident, particularly Resisting Arrest. Id at 46:4-9 Dep. **<22>** No other circumstances exist which

makes it permissible to use a Taser, besides "active resistance" which could result in serious bodily injury. Id at 43:19-20 Dep.

B. Probable Cause is a requirement found in the Fourth Amendment of Constitutional Rights, which officers must meet before police can make an arrest, conduct a search, or receive a warrant. Any individual whom can subscribe to such reasonable standards would, in fact avoid liability. Philadelphia Police Officer Lesko, Badge No. 3374, and Officer Dohan, Badge No. 4690 knowingly, intentionally, and neglectfully were the proximate cause of – a deprivation of civil rights. As a result, the law enforcement officials show a neglect to prevent, interference of a person's right or privileges through EXCESSIVE FORCE and Taser usage – during discretionary police functions (42 U.S.C. §§ 1985[3], and 1986), Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), Smith v. Wade, 461 U.S. 30, 56 (1983). **<23>** Philadelphia Police assign Officer Dohan and Officer Lesko to "Burglary detail and priority radio calls..." at the time of this incident. Id at 8:13-15 Dep. **<24>** The "Stop and Seizure" only takes "several seconds" for Philadelphia Police to assess a threat coming from pro se litigant. Id at 14:13 Dep. **<25>** Officer Dohan, Badge No. 4690 is "several feet" behind pro se litigants' physical person before the first Taser employment. Id at 13:13-15 Dep. **<26>** The Philadelphia Police Department shows support to their officers, with use of force training in the academy... an additional class for Taser and de-escalation techniques... then a single eight-hour course for instruction of a Taser. Id at 3:1-6 Dep. **<27>** Pro se litigants' incapacitation lasted for up to five seconds allegedly during each use of their Taser weapon. Id at 2:16-19 Dep. **<28>** The law enforcement official's training experience with Taser usage – such as that which they implement to strike pro se litigants' physical person –works just as advertised. Id at 22:22-24 Dep.

C. The Fourth Amendment has intention to protect against arbitrary arrest (Civil Rights Act of 1871), which is suggestive of such lawful justification in order to validate all seizures of a person;

including seizures that involve only a brief detention, short of arrest. Although the circumstances of detention might help to determine whether probable cause or some articulable suspicion is necessary. The court, however, must determine what constitutes search and seizure under the Fourth Amendment. A search occurs under the Fourth Amendment when a government employee violates an individual's reasonable expectation of privacy. The seizure of a person within the description of the Fourth Amendment, occurs when police conduct would communicate to a reasonable person, taking into account the circumstances surrounding the encounter, that a person is not free to ignore police presence and leave at their own will. Elements that must be present which constitutes the seizure of a person include: (1) the show of authority by a police officer, in which case, the presence of handcuffs or weapons, use of forceful language, and physical contact as official indications, (2) the person being seized must submit to authority. The individual whom ignores a police officer's request and walks away is not under seizure by Fourth Amendment purposes. Unreasonable search and seizure is the search and seizure by law enforcement officials without a search warrant and without probable cause to believe that evidence of a crime is present; also unconstitutional and violates both Fourth Amendment Rights and statutory law (42 U.S. Code §§ 1986, 1987), Scruggs v. Haynes, 252 Cal. App. 2d 256, 60 Cal. Rptr. 335, 360 (1967).

D.  **<29>** Pro se litigant has brought forth both Civil Rights and EXCESSIVE FORCE claims establishing that a deprivation of federally protected rights, privileges or immunities secured by the U.S. Constitution have been violated. Id at 22:8 & 11; 22:16-19; 23:10-13 Dep. (Tennessee v. Garner, 471, U.S. 1 (1985). **<30>** Pro se litigant can conclude that Congress' intent to prohibit EXCESSIVE FORCE, abuse of power, as well as outright official misconduct is disproportionately attributable to unreasonable search and seizure in this case (Beck v. Ohio, 379, U.S. 89 [1984].)

## CONCLUSION

For the reasons stated above, pro se litigant should be able to overcome difficulties in demonstrating the first, second, third and fourth elements of EXCESSIVE FORCE; under Fourth Amendment Rights and violations subject to 42 U.S. Code Subchapter I – GENERALLY, and respectively, in relation to federal and statutory law.

Respectfully Submitted,

X _____

Christopher L. Harris
Pro se litigant



# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Christopher L. Harris

Pro se litigant

P.O. Box 44322

Philadelphia, PA 19144

PH: 267-671-3983

E-mail: harrischrisl@msn.com

    Plaintiff,

  v.

Officer Lesko, Badge No. 3374

Individual Capacity

1515 Arch Street, 14th Floor

Philadelphia, PA 19102

  and

Officer Dohan, Badge No. 4690

Individual Capacity

1515 Arch Street, 14th Floor

Philadelphia, PA 19102

  and

City of Philadelphia

1515 Arch Street, 14th Floor

Philadelphia, PA 19102

Philadelphia, PA 19102

Civil Action

No. 18-1475

## **Relief from Order**

August 09, 2018

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S. Code § 1331 – federal question of subject matter jurisdiction –pro se litigant, Christopher L. Harris (hereinafter pro se litigant) duly petitions for meritorious relief from Order, subject to Local of Civil Procedure, Rule 41.1(b). Further pursuant to Federal Rules of Civil Procedure, thereby unto Rules 59(b), 60(b)(1), (2), (3) and (6), 60(c)(1); 42 U.S. Code §§ 1981, 1983 under color of law, '85(3), '86, '87, and 1988(a) for applicability. Thus, wherein pursuant to Federal Rules of Civil Procedure, Rule 11(a). That the question is substantially whether in "totality of the circumstances" from this on the street encounter, have the personal security of pro se litigant been violated, by willfully outrageous and wanton actions of defendants' use-of-force, during an illegal and unconstitutional arrest? For herein support pro se litigant have stated (Graham v. Connor, 490 U.S. 386 [1989],) Hafer v. Melo, 502 U.S. 21 ([1991]) "in the interests of justice," to United States District Court for the Eastern District of Pennsylvania, the foregoing reasons:

1. On March 25, 2014 the defendants Officer Lesko, Badge No. 3374, Officer Dohan, Badge No. 4690, and City of Philadelphia, knowingly and intentionally *(Title 18 Chapter 3, §§ 302[a], 303[a][b] and 306[a][b][2])* during routine "Stop and Seizure" activities, discharge a numerous amount of voltage (i.e., four [4] times total) from a conducted energy device (CED) – through the issuance of a police Taser, which can induce involuntary muscle contractions, causing the suspect to be temporarily incapacitated –onto pro se litigants' physical person (Exhibit A – Complaint), subject to *Title 42 Pa. C.S.A. §§ 8550, 8309(a)(1), (2), and (5).* Defendants set forth no lawful doctrine of qualified immunity (18 U.S. Code §§ 241, 242) while performing a discretionary function (Smith v. Wade, 461 U.S. 30, 56 [1983],) (Brosseau v. Haugen, 543 U.S. 194 [2004].)

2. In January 2016 pro se litigants' attorney – file a complaint in Court of Common Pleas of Philadelphia County – Trial Division against defendants under case type and code 2B – ASSAULT & BATTERY (Exhibit "J"). Not included in the claims were EXCESSIVE FORCE subject to 42 U.S. Code § 1983 under color of law, and Fourth Amendment Constitutional Right violation (Moolenaar v. Gov't of Virgin Islands, 822 F. 2d 1342, [3d Cir. 1987],) Drummond v. City of Anaheim, 343 F. 3d 1052, 1060 (9th Cir. 2003), whereby pursuant to 42 U.S.C. § 1981 (a), (b), and (c) for equal rights under the law.

3. In September 2017 pro se litigant stated in a pretrial conference memorandum – the above described actions were a direct and proximate cause of injuries; which occurred notwithstanding sufficient legal justification for excessive force and intentional infliction of emotional distress upon pro se litigants' person; a violation of Civil Rights Act of 1871 (Exhibit "I"). In April 2018 defendants petition for removal of this action to United States District Court for the Eastern District of Pennsylvania (Canton v. Harris, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 [1989],) (Mary M. v. City of Los Angeles, 814 P.2d 1341 [Cal. 1991],) under Federal question.

Respectfully Submitted,

X _____

Christopher L. Harris
Pro se litigant

3

# Affidavit of Christopher L. Harris

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

The undersigned, CHRISTOPHER L. HARRIS, been duly sworn, deposes and says:

1. I am over the age of 18 and am a resident of the Commonwealth of Pennsylvania. I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto.

2. I suffer no long-term legal disabilities and have personal knowledge of the facts set forth below.

3. Defendant, Officer Dohan, Badge No. 4690, approaches me from behind and issues multiple Taser applications into my lower back, switches to "back-up drive stun" mode and provides another shock in my right ankle; which further causes me to lose consciousness during an illegal arrest.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this  10th  day of August , 2018

X _____

Christopher L. Harris
Pro se litigant

This certificate is attached to a __1__ page document dealing with/entitled **Affidavit of** _____ and dated **8/10/18**

# of pages            **Christopher L. Harris**

## ACKNOWLEDGMENT CERTIFICATE

STATE OF **Pennsylvania**

COUNTY OF **Philadelphia**

On this **8th** day of **August** , 20 **18** ,

before me, the undersigned notary public, personally appeared **Christopher L. Harris**

<span style="font-size:smaller">Name of Person Acknowledging</span>

proved to me through satisfactory evidence of identification, which was **Pennsylvania Limited Licese II** .

<span style="font-size:smaller">Type of Identification</span>

to be the person whose name is signed on the preceding or attached document and acknowledged to me that he/she signed it voluntarily for its stated purpose.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JENNIFER L. RODRIGUEZ, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 25, 2019

(seal)

_____
Signature of Notary Public

**09/25/2019**

Commission Expiration Date of Notary Public

**CHRISTOPHER L. HARRIS**                         PRO SE LITIGANT

P.O. BOX 44322

PHILADELPHIA, PA 19144

(267) 671-3983

harrischrisl@msn.com


CHRISTOPHER L. HARRIS

       Plaintiff,            UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA


    v.                         Case No. 18-1475


OFFICER DOHAN,

       Defendant, et al.


CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Memorandum of Law, Motion, Affidavit of Christopher L. Harris, and Certificate of Service were served upon Defendants via Certified U.S. MAIL as it follow: 1515 ARCH STREET, 14TH FLOOR, PHILADELPHIA, PA 19102


Date: August 9, 2018                     Christopher L. Harris

                                       Pro se litigant

                                         P.O. BOX 44322

                                       Philadelphia, PA 19144

                                       harrischrisl@msn.com


X _____

Christopher L. Harris
Pro se litigant