OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**
CLERK

U̲nited S̲tates C̲ourt of A̲ppeals
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

September 19, 2018

Kate Barkman, Clerk of Court
United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1796

Re: Harris v. Lesko, et al.
E.D. Pa. No. 2-18-cv-01475

Dear Ms. Barkman:

Pursuant to Rule 4(d), Federal Rules of Appellate Procedure, and Rule 3.4, Third Circuit Local Appellate Rules, we are forwarding the attached Petition for Writ of Certiorari, to be treated as a Notice of Appeal, from the District Court Orders (#s 7, 8 &10) entered 6/13/18, 7/2/18 & 8/15/18, and Motion to Proceed In Forma Pauperis, which were filed with this office in error. See Rule 3(a)(1), Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. **The notice was received in this Court on 9/14/18 and should be docketed as of that date.**

This document is being forwarded solely to protect the litigant's right to appeal as required by the Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. Upon receipt of the document, kindly process it according to your Court's normal procedures. If your office has already received the same document, please disregard the enclosed copy to prevent duplication.

Pursuant to Rule 3(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be filed with the Clerk of the District Court. This Court may not act on an appeal until the notice has been docketed in the District Court and certified to this Court by the District Court Clerk.

Thank you for your assistance in this matter.

Very truly yours,

By: /s/ Patricia S. Dodszuweit
    Clerk

PSD/lld
Enclosure
cc: Christopher Lloyd Harris (w/out enclosure)



No. _____

## IN THE SUPREME COURT OF PENNSYLVANIA

### CHRISTOPHER LLOYD HARRIS, PETITIONER

v.

### CITY OF PHILADELHIA, RESPONDENT

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### PETITION FOR WRIT OF CERTIORARI

CHRISTOPHER LLOYD HARRIS

Pro se litigant

Post Office Box 44322

Philadelphia, PA 19144

Telephone: 267-671-3983

E-mail: harrischrisl@msn.com

## QUESTIONS PRESENTED

I. Whether parties in this civil action may request a one-day jury trial based on written consent to unresolved settlement terms (including open terms to stipulations of dismissal on all claims against City of Philadelphia and Police Officer Lucas Lesko, Badge No. 3374) over a discretion of authority between the courts on the matter, and may the terms and conditions of settlement be entered as enforceable "with prejudice" when a respective party gives consent to trial during the same day as the status hearing.

II. Does U.S. Court of Appeals for the Third Circuit have appellate jurisdiction to review an Order in which party's may enforce judgement, on the release of all claims against the City of Philadelphia, et al., defendants, in the United States District Court for the Eastern District of Pennsylvania due to discretionary indifference between precedent case law and Pennsylvania Contract Law, which opposes that unilateral contracts are unenforceable?

## PARTIES TO THE PROCEEDINGS

Christopher Lloyd Harris, Petitioner

City of Philadelphia, Police Officer David Dohan, Badge No. 4690, Police Officer Lucas Lesko, Badge No. 3374, Respondents

## TABLE OF CONTENTS

APPENDICIES

APPENDIX 1

# TABLE OF AUTHORITIES

## CASES

Thomas v. Univ. of Pa., No. 06-1916, 2007 WL 2891739, at *2
(E.D. Pa. Oct. 2, 2007)..............................................................................1

Pennsbury Vill. Assocs., LLC v. McIntyre, 11 A.3d 906, 914 (Pa. 2011)......2

Rago v. Nace 313 Pa. Super. 575, 460 A.2d, 337, 339 (1983).....................2

Mazella v. Koken, 559 Pa. 216, 224, 739 A.2d 531, 536 (1999)..................2

Mastroni-Mucker v. Allstate Ins. Co., 976 A.2d 510, 518 (Pa. Super. 2009) 2

## STATUTES

28 U.S.C. § 1291......................................................................................1

28 U.S.C. § 1331......................................................................................1

42 U.S.C. § 1981......................................................................................1

42 U.S.C. § 1983......................................................................................1

42 U.S.C. § 1985(2) & (3) ........................................................................1

42 U.S.C. § 1988(a)..................................................................................1

## JURISDICTION

This court has jurisdiction to review the order of U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1291. An Order of U.S. District Court for the Eastern District of Pennsylvania receives docketing status on June 13, 2018. Petitioner's correspondence to Vacate the Order had been denied on June 29, 2018. (Citation) Thomas v. Univ. of Pa., No. 06-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007). A subsequent motion for Relief from Order was also denied on August 15, 2018.

The U.S. District Court for the Eastern District of Pennsylvania had subject-matter jurisdiction pursuant to 28 U.S.C § 1331, 42 U.S.C § § 1981 & 1983, '85(2) & (3) and '88(a). Because a settlement conference memorandum filed on September 28, 2017, Philadelphia County Court of Common Pleas alleged Excessive Force, a violation under the Civil Rights Act of 1871. NOTICE OF REMOVAL is filed in the United States District Court for the Eastern District of Pennsylvania on April 9, 2018.

## STATEMENT OF THE CASE

Respondent City of Philadelphia is a municipal entity established by the Commonwealth of Pennsylvania. The City of Philadelphia administers the Philadelphia Police Department and in that capacity employs Philadelphia Police Officer David Dohan, Badge No. 4690 and Philadelphia Police Officer Lucas Lesko, Badge No. 3374. Petitioner Christopher Lloyd Harris brought a lawsuit with private counsel to the Court of Common Pleas, Philadelphia County, against Officer Lesko, Badge No. 3374, Officer Dohan, Badge No. 4690, and City of Philadelphia for Assault & Battery. Though neither federal nor constitutional right claims were argued.

On June 12, 2018, a status conference did take place in this matter. Petitioner rejected respondents' offer to settle all claims for $1,000.00. Respondents then reiterate not having authority to make a better offer, they will not get such authority, before the petitioner was asked to leave the courtroom. Upon returning to the courtroom which resumes the hearing over a status of all claims, respondents then emerge with more authority; without petitioners' full participation in the conference.

1

The terms and conditions of both party's oral settlement amount to fraud and duress before an agreement was even placed on record. The party then offers mutual consent to bringing this matter a quick resolution via e-mail regarding settlement which consists of foregoing an opportunity to file motion for summary judgement, and also requests the court forgo having the party's retake discovery by instead scheduling a one-day jury trial before a magistrate judge.

The parties reached an impasse in attempting to document an agreement, and neither party filed cross-motion, nor attempt to enforce a settlement.

## REASONS FOR GRANTING THE PETITION

This court should grant the petition and review the Order of U.S. District Court for the Eastern District of Pennsylvania. Because its decision conflicts with an important point in contract law. This court previously held that if such a settlement can be nullified or circumvented, then every written contract and release or agreement of any kind, no matter how clear, pertinent or all-inclusive, it can be set aside. Such as when one party has a change of mind, or circumstances become unforeseen and later discovered, or the magnitude of injury have been unexpectedly increased, and the plaintiff subsequently makes an inadequate settlement. Pennsburry Village Association v. Aaron McIntyre, 11 A.3d 906 (Pa. 2011). See Rago v. Nace 313 Pa. Super. 575, 460 A.2d, 337, 339 (1983).

Further, this court should exercise its power to supervise the lower district court and grant review by way of nullifying an oral settlement, in which deviation from usual course of judicial proceedings took place. In ruling that the district court has discretion to nullify an extreme departure from an accepted course of action. The enforceability of a settlement agreement is determined according to principles of contract law. Mazzella v. Koken, 559 Pa. 216, 224, 739 A.2d 531, 536 (1999). Therefore, to be enforceable, a settlement agreement must possess all of the elements of a valid contract -- offer, acceptance and consideration. See generally Mastroni-Mucker v. Allstate Ins. Co., 976 A.2d 510, 518 (Pa. Super. 2009) (In the Commonwealth of Pennsylvania, MEMORANDUM OPINION BY JUDGE LEADBETTER, on February 10, 2014)

## CONCLUSION

For the foregoing and above stated reasons, Petitioner request that the court grant the issuance of a writ of certiorari the United States Court of Appeals for the Third Circuit.

2

Respectfully submitted,

/s/

Christopher Lloyd Harris

Pro se litigant

Post Office Box 44322

Philadelphia, PA 19144

Telephone: 267-671-3983

E-mail: harrischrisl@msn.com

# APPENDICES

## APPENDIX 1

### DISTRICT COURT ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | CIVIL | : |
| Plaintiff, | ACTION | : |
| v. | | : |
| OFFICER LESKO, et al. | No. 18-1475 | : |
| Defendants. | | : |

## I. Background

This matter originated over an incident in which Philadelphia Law Enforcement officials arrive to Chew Avenue & Washington Lane in response to a person screaming. The police then observe Petitioner on the highway appearing intoxicated. A witness then allegedly tells the officers that Petitioner said, "I'm going to blow your f***ing brains out," and had hands in his pocket as if he had a weapon. The witness again says, "he has a weapon in his pocket." Petitioner allegedly refused to remove hands from his jacket pocket, respectively, and was shot approximately four times with a Taser and taken into custody for Public Intoxication. The officers state that a warrant had been advised for Terroristic Threats. Police transport the Petitioner to Albert Einstein Medical Center. Petitioner was later released with a Non-Traffic Statutory Summary Offenses Citation. Petitioner appeared to Courtroom 404 Criminal Justice Center, 1301 Filbert Street on 04/08/14 for the above mentioned arraignment and trial. A court hearing was not scheduled in relation to this incident from the Respondents.

In light of an oral settlement agreement reached before Magistrate Judge Goldberg in June of 2018, the court then entered a conditional Order of dismissal pursuant to Local Rule of Civil Procedure 41.1(b).

4

CHRISTOPHER L. HARRIS                                             Pro se

P.O. BOX 44322

PHILADELPHIA, PA 19144

(267) 671-3983

harrischrisl@msn.com


CHRISTOPHER L. HARRIS

    Petitioner,

v.

CITY OF PHILADELPHIA, et al.

    Respondents.


## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Writ of Certiorari, Affidavit of Christopher L. Harris were served upon Respondents via U.S. MAIL as it follows: 1515 ARCH STREET, 14TH FLOOR, PHILADELPHIA, PA 19102


Date: September 13, 2018

/S/

CHRISTOPHER L. HARRIS

Petitioner

Clementon, New Jersey 08021

harrischrisl@msn.com

X _____ 9-13-18

Commonwealth of Pennsylvania - Notary Seal
JOVIDA L. BENSON, Notary Public
Philadelphia County
My Commission Expires April 24, 2022
Commission Number 1332389

Jovida L. Benson  9-13-18

CHRISTOPHER L HARRIS
POST OFFICE BOX 44322
PHILADELPHIA, PA 19144

U.S. COURT OF APPEALS
THIRD CIRCUIT
21400 U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106



```
0190              F 267 09 48 FR-1D 2631212
THIRD CIRCUIT                              G
601 MARKET ST
21400 U S COURTHOU    19106-1729-99
PHILADELPHIA PA
```

**527-3082**

ETP:1     PD:SP:100:Y
9622001900004483821100/827/56/2203



```
FROM:        (267) 539-3067      SHIP DATE: 13SEP18
Christopher L. Harris            ACTWGT: 0.10 LB
                                 CAD: 6992462/SSFC01904
Post Office Box 44322            DIMMED: 12 x 9 x 1 IN

Philadelphia PA 19144
US
TO U.S. Court of Appeals
   Third Circuit
   21400 U.S. Courthouse
   601 Market Street                             (US)
   Philadelphia PA 19106
   (000) 000-0000    REF:
                              DEPT:
                                            FedEx
                                            Ground

                                              G
```

TRK# 7827 7587 2203

19106

9622 0019 0 (000 000 0000) 0 00 7827 7587 2203

