IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL

ACTION NO. 18-1475

CHRISTOPHER HARRIS

    Plaintiff,

v.

OFFICER LESKO, et al.,

    Defendants.

## Request for Sanction

I hereby request that the Honorable Judge Mitchell S. Goldberg reconsider his July 14, 2023, court ORDER for the sake of clarity on the following reasons:

1. Judge Mitchell says, "On June 13, 2018, the case was dismissed pursuant to a settlement agreement (ECF No. 7)." Even if there was an agreement pursuant to Local Rule 41.1(b), the plaintiff did not receive such compensation ("Pursuant to the agreement..."). See Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 ("Acceptances to be in writing"). The fact is, your honor, Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007) does not apply because the plaintiff is pro sé. See Federal Rules of Civil Procedure, Rule 60(b) (3) ("Fraud, misrepresentation, or misconduct by an opposing party").

2. On July 14, 2023, Judge Goldberg also says, "Plaintiff filed an appeal of the dismissal, and the Court of Appeals for the Third Circuit dismissed the appeal as untimely in part and affirmed in part." But the fact is, however, that the Court of Appeals for the Third

Circuit dismissed the appeal for "lack of appellate jurisdiction and affirmed in part" because the District Court did not conduct an evidentiary hearing in error of law. The Court of Appeals for the Third Circuit also erred in its standard of review subject to "Abuse of Discretion" when the course of action is, in fact, a plenary review. See Le v. Univ. Pa., 321 F3d. 305, 311 (3d Cir. 1999) where it says, "if the court's denial was based upon the interpretation and application of a legal precept, review is plenary." See Local Rules of Civil Procedure, Rule 41.1(b).

3. The July 14, 2023, court ORDER also says, "Plaintiff appears to suggest that the city is improperly asserting the judgment in this case as preclusive in another case." In that respect, the plaintiff did ask Judge Goldberg to demand that the city pay in accordance with his June 13, 2018, court ORDER ("Plaintiff, proceeding pro sé, submitted a letter indicating that the parties have communicated a non-payment of funds via email on June 12, 2018…"). As such, the plaintiff has attached a copy of that email between the parties for a credible source of information. See Federal Rules of Evidence, Rule 401(a) Test for Relevant Evidence ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence").

4. Lastly, the July 14, 2023, court ORDER says, "Because Plaintiff's request does not describe any sanctionable conduct on the part of the City or any authority for imposing sanctions, Plaintiff's request will be denied." As a result, the plaintiff will challenge his reason. See Restatement (Second) of Contracts § 24 "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." See also Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 Acceptances to be in writing ("No person

within this state shall be charged, as an acceptor on a bill of exchange, draft or order drawn for the payment of money, exceeding twenty dollars, unless the acceptance shall be in writing, signed by himself, or his lawful agent"). See Houston-Starr company v. Virginia Manor Apartments, Inc., 294 Pa. Super. 571, 440 A.2d 613 (1982) "The trial court erred in entering the ORDER without first conducting an evidentiary hearing and making findings of fact concerning the settlement agreement."

Have a good day!

Kindly,

Printed Name: Christopher Harris
Address: 2006 S. John Russell Circle Apt A.
Elkins Park, PA 19027
Signature: /s/ _____
Date: July 27, 2023



**CITY OF PHILADELPHIA**

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Michael R. Miller
Deputy City Solicitor
Civil Rights Unit
14th Floor
215-683-5433 (phone)
215-683-5397 (fax)
michael.r.miller@phila.gov

June 12, 2018

**VIA U.S. MAIL**
The Honorable Mitchell S. Goldberg
U.S. District Court, Eastern District of Pennsylvania
7614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE: Settlement in *Harris v. Dohan*, No. 18-1475

Dear Judge Goldberg:

Plaintiff Christopher Harris just sent me the attached email and stated that he will not settle this matter or sign a release. Only one third-party witness testified at the state court arbitration in this case, and discovery already occurred in state court, with Plaintiff's counsel taking multiple depositions. In order to bring this matter to a quick resolution, Defendant Officer Dohan is willing to forgo his opportunity to file a motion for summary judgment, and requests that the Court forgo having the parties retake discovery and instead schedule a one-day jury trial in this matter. Given the Court's busy schedule, Officer Dohan is also willing to consent to a trial before a magistrate judge.

Sincerely,

Michael R. Miller
Deputy City Solicitor

# Michael R. Miller

**From:** Chris Harris <HarrisChrisL@msn.com>
**Sent:** Tuesday, June 12, 2018 12:28 PM
**To:** Michael R. Miller
**Subject:** Re: Status Hearing Update

Mr. Miller,

I wanted to notify you via email regarding The Honorable Judge Mitchell's professional opinion and/or suggestion to settle all claims - for the amount in your most recent proposition. As of now, I no longer wish to settle all claims in that manner, and have yet to provide a signature granting the release of such funding. Therefore, I would much rather take The Honorable Judge Mitchell up on his idea of how we should proceed altogether; continuing the case to Arbitration than to have finalized and/or received a settlement in the Christopher Harris (Plaintiff) v. Officer Dohan, et al - Defendants case.

Respectfully submitted,

Christopher L. Harris

---

**From:** Michael R. Miller <Michael.R.Miller@Phila.gov>
**Sent:** Friday, June 1, 2018 11:15 AM
**To:** Chris Harris
**Subject:** RE: Status Hearing

Hi Mr. Harris,

We can offer you $1,000 to settle all your claims. I have no authority to make a better offer, and I will not get such authority.

Sincerely,

Michael Miller

**From:** Chris Harris [mailto:HarrisChrisL@msn.com]
**Sent:** Wednesday, May 23, 2018 4:18 PM
**To:** Michael R. Miller <Michael.R.Miller@Phila.gov>
**Subject:** Status Hearing

Hello Mr. Miller,

Christopher L. Harris here - emailing and wanting to find out whether or not both Defendant(s) and the Plaintiff - perhaps would come to terms of an agreement - prior to our upcoming "Status Hearing" scheduled on June 12, 2018. Since the plaintiff made claim(s) of multiple violation(s), including 42 U.S. Code 1983 of the United States Constitution; are we as the parties involved in litigating the case able to, in fact, come up

with agreeable terms for compensation and/or damages - to settle the complaint? At that time, plaintiff will be available for negotiation(s) prior to June 12th - via email correspondence.

Respectfully submitted,

Christopher L. Harris

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER HARRIS,** *Plaintiff,* v. **OFFICER LESKO** *et al.,* *Defendants.* | Civil Action No. 18-cv-1475 |

## ORDER

**AND NOW**, this 14th day of July, 2023, upon consideration of Plaintiff Christopher Harris's request to sanction the City of Philadelphia (ECF No. 20), I find as follows:

1. Plaintiff brought this action under 42 U.S.C. § 1983 against Defendants for alleged excessive use of force. On June 13, 2018, the case was dismissed pursuant to a settlement agreement. (ECF No. 7.)

2. Plaintiff filed an appeal of the dismissal, and the Court of Appeals for the Third Circuit dismissed the appeal as untimely in part and affirmed in part. That appeal terminated on March 26, 2019. (ECF No. 19.)

3. Plaintiff now requests that I sanction the City of Philadelphia. Although the basis for Plaintiff's request is unclear, Plaintiff appears to suggest that the City is improperly asserting the judgment in this case as preclusive in another case.

4. Because Plaintiff's request does not describe any sanctionable conduct on the part of the City or any authority for imposing sanctions in a case that was dismissed more than five years ago, Plaintiff's request will be denied.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff Christopher Harris's request to sanction the City of Philadelphia (ECF No. 20) is **DENIED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

Mitchell S. Goldberg, Judge
17614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 17-A