# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION NO. 18-cv-1475

CHRISTOPHER L. HARRIS

    Plaintiff,

v.    VERIFIED    REC'D JAN 1 6 2024

OFFICER DAVID DOHAN, et al.

    Defendant.

## MOTION FOR ENFORCEMENT

I hereby petition the Honorable Judge Mitchell S. Goldberg for an Enforcement Hearing on his June 12, 2018, court order of dismissal under Local Rules of Civil Procedure, Rule 41.1(b) based on the following – as further oral arguments pursuant to Local Rule 7.1(f) are requested for authoritative reasons:

1. On June 29, 2018, upon consideration of the plaintiff's motion to vacate the order from June 12, 2018, the judge's court order allows for either party to move and enforce a settlement agreement between the parties. Notwithstanding the agreement, a contract isn't binding under Pennsylvania law if there is an offer, acceptance, and consideration unless the acceptance is reduced to its proper form. See Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 *Acceptances to be in writing.* "No person within this state shall be charged as the acceptor on a bill of exchange, draft, or order drawn for the payment of money – exceeding twenty dollars – unless the acceptance shall be in writing, signed by himself, or his lawful agent." See also Federal Rules of Civil Procedure, Rule 60(b) (3) *Fraud, misrepresentation, or misconduct by an opposing party.*

2. Upon mutual agreement between the parties, both counsel and pro se litigant clearly understood that the case will not settle based on an offer, acceptance, and consideration of the promise that was attempted on record. As a result, the Plaintiff cannot be obligated to sign a release, and therefore, such a promise is not legally enforceable under Pennsylvania law. See U.S. Constitution – Fourteenth Amendment. "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens in the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." See also 42 U.S.C. § 1981(a) *Statement of equal rights*. "All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Furthermore "mutual assent does not exist when one party compels the other party's agreement through a duress situation." See Degenhardt v. Dillon Co., 669 A.2d 946, 950 (Pa.1996)

3. The circumstances around this matter are unique because: (1) the Plaintiff didn't have authorized legal representation during the status hearing, and (2) there weren't any findings of fact about an alleged settlement. However, under contract law, the plaintiff has a period of give and take in negotiation to which neither party is bound even if the parties have reached an oral agreement. To that extent, "The trial court erred in entering its court order without first conducting an evidentiary hearing and making findings of fact concerning the settlement." See Houston-Starr company v. Virginia Manor Apartments,

Inc., 294 Pa. Super. 571, 440 A.2d 613 (1982). See also Federal Rules of Civil Procedure, Rule 17(a) (1) (G) *REAL PARTY IN INTEREST*; authorized by statute, and Rule 17(b) (3) *CAPACITY TO SUE OR BE SUED*; by the law of the state where the court is located.

4. The District Court's final judgement says, "Because a settlement agreement is a contract, such an agreement, voluntarily entered, is binding upon the parties… even if a party had a change of heart between the time [he or she] agreed to the terms of the settlement and when those terms were reduced to writing. Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007) (internal quotation marks omitted)" Conversely, by way of both federal and local statutes, United States and Pennsylvania Constitutions, and common laws, the petition for an enforcement hearing should be granted through either substantive right, procedural due process, or equal protection of the laws. See 28 U.S.C. § 453 *Oaths of Justices and Judges*. "Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of [his or her] office: "I,_ _ do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as __ under the Constitution and laws of the United States. So, help me God."

          Name: Christopher L. Harris

          Address: 2006 S. John Russell Circle Apt. A

          Elkins Park, PA 19027

          Email: harrischris1@msn.com

          Signature: /s/ _____

          Date: January 12, 2024