IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS<br><br>    Plaintiff,<br><br>v.<br><br><br>OFFICER DAVID DOHAN, et al.<br><br>    Defendant. | <br><br><br><br>Civil Action No. 18-cv-1475<br><br><br><br>Judge: Mitchell S. Goldberg |

## NOTICE OF PLAINTIFF'S UNCONTESTED MOTION AND MOTION TO VACATE FOR FRAUD ON THE COURT IN WRITTEN STATEMENT AND BRIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE AND CIVIL RIGHTS ACT, 42 U.S.C. § 1983

PLEASE TAKE NOTICE that on January 30, 2024, in Courtroom 17-A of the above-entitled Court located at 17614 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, the Plaintiff ("Pro se litigant") will move this Court under *Federal Rule of Civil Procedure* 60(d)(3) for an order vacating the judgement entered against Plaintiff on the grounds that said judgement was procured through fraud on the Court in that dismissal under Local Rule 41.1(b) is clearly in violation of Constitutional rights through federal and local statutes.

This motion is made pursuant to *Federal Rule of Civil Procedure* 60(d)(3) and shall be based upon this Notice, and Motion, the Case Brief, and such other and further oral and documentary evidence as may be presented at the hearing on this Motion. See Local Rules of Civil Procedure, Rule 7(d).

Dated: January 30, 2024              /s/ _____

                                                                            Pro se Litigant

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-cv-1475 |
| OFFICER DAVID DOHAN, et al. | ) | Judge: Mitchell S. Goldberg |
| Defendant. | ) | |

## Plaintiff's Case Brief

CHRISTOPHER L. HARRIS

Pro se Litigant

2006 S. John Russell Circle Apt. A

Elkins Park, PA 19027

Phone: (863) 623-2502

Email: harrischrisl@msn.com

Dated: January 30, 2024

## STATEMENT OF FACTS

Plaintiff ("Pro se litigant") filed suit under Federal statute 28 U.S.C. § 1654 – *Appearance personally* against Defendants on or about April 6, 2018, which alleged Excessive Force and Civil Rights violation under the Fourteenth Amendment due process clause, 42 U.S.C. § 1983 – *Civil Action for Deprivation of Rights* which originally claimed Assault & Battery in Court of Common Pleas by former Counsel. See Plaintiff's complaint on file.

A court order was entered against Plaintiff on 6/13/2018 (Doc. No. 7), 6/29/2018 (Doc. No. 8), and 8/15/2018 (Doc. No. 10), respectively. Plaintiff contends that said Court order(s) and final judgement was procured through fraud on the Court in that Plaintiff agreed solely to an invitation to settle but did not accept or consider former Counsel's offer of settlement due to elements of Pennsylvania law. For Pennsylvania, the elements of a valid contract include: an offer, an acceptance, consideration, mutual assent, and intent to be bound. Under Pennsylvania law, a party accepts an offer when that party communicates unequivocal agreement to an offer in a manner that complies with the terms of the offer. See Ribarchak v. Mun. Auth. of Monongahela, 44 A.3d 706, 708-09 (Pa. Cmwlth. 2012), citing Hedden v. Lupinsky, 176 A.2d 406, 408 (Pa. 1962). Thus, if a party responds to an offer with conditional rather than unequivocal agreement, it constitutes a rejection of the offer or a counteroffer, not an acceptance. See First Home Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 15 (Pa. Super. 1994) (citing Restatement (Second) of Contracts § 39). See also Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 *Acceptances to be in writing.*

## LEGAL ARGUMENT

- **THE COURT HAS THE POWER TO VACATE THE JUDGEMENT THAT WAS ENTERED AGAINST THE PLAINTIFF FOR FRAUD ON THE COURT**

The Federal Rules of Civil Procedure, Rule 60(d)(3) states in pertinent act that nothing in Rule 60 limits a court's power to set aside a judgement for fraud on the court.

## CONCURRENCE

Plaintiff contends that Judge Mitchell S. Goldberg committed fraud in the Court by the following actions and deliberate omissions that harmed the integrity of the judicial process.

## DISSENT

Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *(E.D. Pa. Oct. 2, 2007) is not applicable to Christopher Harris v. Lesko, No. 18-cv-1475 (E.D. Pa. 2018). "The trial court erred in entering its Court order without first conducting an evidentiary hearing and making findings of fact concerning the settlement." See Houston-Starr company v. Virginia Manor Apartments Inc., 294 Pa. Super. 571, 440 A.2d 613 (1982).

Respectfully submitted,

/s/ [signature]

Christopher L. Harris

Pro se Litigant

2006 S. John Russell Circle Apt. A

Elkins Park, PA 19027

Phone: (863) 623-2502

Email: harrischris1@msn.com