IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER HARRIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | No. 18-1475 |
| : | |
| **CITY OF PHILADELPHIA,** : | |
| **ET AL.,** : | |
| **Defendants.** : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO VACATE**

Plaintiff Christopher Harris, who settled his case in principle on June 12, 2018, seeks vacatur of the Order closing his case as a result of this agreed-upon resolution. Plaintiff has since refused to sign the paperwork required for him to be paid the agreed-upon settlement, and instead now seeks vacatur of the settlement, claiming that he is entitled to this relief pursuant to Federal Rule of Civil Procedure 60(d)(3). For the reasons that follow, Plaintiff fails to meet his burden and his request should be denied.

Rule 60(d)(3) permits a district court to "set aside a judgment for fraud on the court." "The party seeking relief under Rule 60(d)(3) must establish fraud by clear and convincing evidence." *Hatchigian v. International Broth. of Elec. Workers Local 98*, 610 F. App'x 142, 143 (3d Cir. 2015). Generalized averments of fraud are insufficient to establish entitlement to relief under this rule. Instead, a plaintiff must establish, by clear and convincing evidence, the existence of an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *See id.*

By way of brief background, this case arises out of a state court matter that Plaintiff appealed *de novo* to the trial court after having lost his assault and battery case before an

arbitration panel.  In appealing the finding against him, Plaintiff averred, for the first time, that he sought relief both under state and federal law.  As a result of these representations, Defendant removed the matter to federal court, after which removal the matter was settled.  *See generally* Compl., ECF No. 1; June 12, 2018 Hrg. Tr., attached hereto as Ex. A.  To reiterate, Defendants offered and Plaintiff accepted $5,000 in full resolution of the case on the record and before the Court.  June 12, 2018 Hrg. Tr., Ex. A, at 8.  Plaintiff unsuccessfully challenged this agreement shortly after entering into it, and then, years later and having still failed to execute the necessary documentation to effectuate payment of the settlement, has renewed his efforts to avoid his agreement.  *See generally* Docket, 18-1475.

      Plaintiff's regret about having settled the case which he originally lost at arbitration does not suffice to meet his burden of establishing clear and convincing evidence of fraud on the court in order to warrant vacatur of the judgment under Rule 60(d)(3).  *Pecina v. McDonald*, 795 F. App'x 124 (3d Cir. 2019) is instructive.  In *Pecina*, a formally counseled litigant, later dissatisfied with his settlement of an employment dispute, sought to challenge that resolution in the months and years after having entered into it.  The Third Circuit Court of Appeals dismissed this challenge as both unsupported and untimely.  *See generally id.*  As with Plaintiff here, the plaintiff in *Pecina* declared that there had been "fraud on the court" such that he should be relieved from the settlement and dismissal of the matter.  But also as with Plaintiff here, the *Pecina* plaintiff failed to provide any "clear and convincing evidence of fraud on the court" and filed more than a year after entry of the settlement, rendering the application for relief untimely under Rule 60(b)(3).  795 F. App'x at 125, 126 n.2.

      Plaintiff's discontent with the settlement amount he agreed to is not a basis to reopen this case, and certainly does not meet the standard required under the Federal Rules to do so.

Further, Defendants have repeatedly advised Plaintiff that they are more than happy to finalize the payment of settlement upon his execution of the necessary paperwork. Plaintiff's Motion to Vacate should be denied.

Date: January 31, 2024                                               Respectfully submitted,

                                                                     /s/ *Anne B. Taylor*
                                                                     Anne B. Taylor, Esquire
                                                                     Chief Deputy City Solicitor
                                                                     Pa. Attorney ID No. 206057
                                                                     City of Philadelphia Law Department
                                                                     1515 Arch Street, 14th Floor
                                                                     Philadelphia, PA 19102
                                                                     (215) 683-5381

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | : | |
| Plaintiff, | : : : | |
| v. | : : | No. 18-1475 |
| CITY OF PHILADELPHIA, ET AL., | : : | |
| Defendants. | : : | |

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Response in Opposition to Plaintiff's Motion to Vacate, Exhibit in Support, and Certificate of Service were filed via the Court's electronic filing system and are available for downloading. I further certify that these materials will be emailed to Plaintiff *pro se*.

Date: January 31, 2024                                            Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381

1