IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1475 |
| OFFICER DAVID DOHAN, et al., | : | Judge: Mitchell S. Goldberg |
| Defendant. | : | |

### MOTION FOR EQUITABLE RELIEF

Plaintiff Christopher Harris refused to sign a settlement agreement through an implied covenant of good faith and fair dealing with Defendants during negotiation. This critical element substantiates whether settlement is enforceable under Pennsylvania law. Instead, the Plaintiff now seeks vacatur through equitable relief pursuant to Federal Rule of Civil Procedure 60(d)(3) *set aside judgement for fraud on the court,* which is subject to Article III, Section II of the U.S. Constitution, 42 U.S. Code § 1988(a) & 28 U.S. Code § 1654 *Appearance personally or by counsel* against Defendants to correct the applicability of statutory and common laws in this matter.

### STATEMENT OF FACTS

Rule 60(d)(3) functions just like a saving clause and it allows the district court to set aside judgement for its fraud on the court without a strict time bar, and "embraces the species of fraud which does or attempts to defile the court itself." See Wilson v. Johns-Manville Sales Corp., 873, F.2d 289, 872 (5th Cir. 1989). The Supreme Court held that "where an enforcement of the judgement is 'manifestly unconscionable,' the Court has wielded the power without hesitation." See Pickford v. Talbott, 225 U.S. 651, 225 U.S. 657. The Court also held "the aggrieved party may be entitled to obtain other appropriate equitable relief in addition to legal

remedies." See Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan, 577 U.S. (2016). Since there is clear and convincing evidence on the Court's docket that Plaintiff "will not settle or sign a release," the parties are entitled to relief under the saving clause of Rule 60(d)(3) which ends all terms and obligations, allowing both parties to return to their pre-contract status.

To establish Article III standing, "a plaintiff must present an injury that is concrete, particularized, actual or imminent, and traceable to the defendant's challengeable actions; redressable by a favorable ruling." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L.Ed.2d 351. Further, Defendant Counsel's action in a written and signed statement dated June 12, 2018, shows that Plaintiff, in fact, did not accept Defendant's counteroffer (ECF No. 7, and ECF No. 33). See Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 *Acceptances to be in writing.* As such, by legal description of the term acceptance, it specifically "means to assent to the terms of an offer." Conversely, "A court has no authority to depart from the statutory language..." See Kleppe v. Sierra Club, 427 U.S. 390, 406 (1976).

## LEGAL ARGUEMENT

Falsifying court records will implicate tampering if you knowingly make a false entry for the government or a document required by law or change the veracity of such record. As Plaintiff described here, court law and legal descriptions refer to fraud upon the court as a "criminal act whereby the court is impaired in the impropriety of performance to its task, which is usually done by an officer of the court." See Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 781 (9th Cir. 2003). Granted, an enforceable agreement between litigants in accordance with local and federal laws are not fulfilled and have not been signed by Plaintiff to a point where the appearance of impropriety is proof that fraud on the Court is present about settlement. Therefore, Judge Mitchell S. Goldberg will knowingly produce a decision by fraud on the Court and is

required by law to disqualify himself from the case. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194 (1988) (what does matter is not the reality of bias or prejudice but its appearance). See also 28 U.S. Code § 455(a) *Disqualification of justice, judge, or magistrate judge.*

## CONCURRENCE

Plaintiff contends there is a strong likelihood that Judge Mitchell S. Goldberg committed fraud on the court by the following actions and deliberate omissions which harmed the integrity of the judicial process. In other words, "If a party responds to an offer with conditional rather than unequivocal agreement, it constitutes a rejection of the offer or counteroffer, not an acceptance." See First Home Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 15 (Pa. Super. 1994) (citing Restatement (Second) of Contracts § 39).

## DISSENT

Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *(E.D. Pa. Oct. 2, 2007) is different in context when truly compared to Harris v. Lesko, No. 18-cv-1475. As a result, "The trial Court erred in entering its Order without first conducting an evidentiary hearing and making findings of fact concerning the settlement." See Houston-Starr company v. Virginia Manor Apartments Inc. 294 Pa. Super, 571, 440 A.2d 613 (1982).

Respectfully submitted,

/s/ *[signature]*

Christopher L. Harris, Pro se Litigant

Email: harrischrisl@msn.com

Phone: (863) 623-2502