IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS | : | |
| Plaintiff, | : | |
| v. | : | Civil Action 18-cv-1475 |
| OFFICER DAVID DOHAN, et al., | : | Judge: Mitchell S. Goldberg |
| Defendant. | : | |

## **MODIFIED MOTION FOR EQUITABLE RELIEF**

Plaintiff Christopher Harris refused to sign a settlement agreement through an implied covenant of good faith and fair dealing with Defendants during negotiation. This critical element substantiates whether the settlement is enforceable under Pennsylvania law. Instead, Plaintiff now seeks vacatur of rules through equitable relief pursuant to Federal Rule of Civil Procedure 60(d)(3) *set aside judgement for fraud on the court,* which is subject to Article III, Section II of the U.S. Constitution, 5 U.S. Code § 706(2)(A) *Scope of Review* & 28 U.S. Code § 1654 *Appearance personally or by counsel* against Defendants to correct a ruling that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 18 U.S. Code § 1623 *perjury*. See also Dunn v. U.S., 442 U.S. 100 (1979). See 18 U.S. Code §§ 241 *Conspiracy against rights* & 242 *Deprivation of rights under color of law*. See also Title 18 § 4911(1) *Tampering with public records or information.*

## **STATEMENT OF FACTS**

That Court of Appeals for the Third Circuit states in Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (Rule 60) "We review District Court's denial of a Rule 60(b) Motion for abuse of discretion." See Central W.

Rental Co. v. Horizon Leasing, 967 F.2d 832, 836 (3d Cir. 1992) "An abuse of discretion may be found when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." See International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987). With that, the Court of Appeals' "NOT PRECEDENTIAL" Opinion says, "Plaintiff's notice of appeal was timely filed as to the District Court's August 15 Order which denied his second Motion. Consequently, we have jurisdiction to consider that order, see 28 U.S. Code § 1291..."

In any case, on January 16, 2024, Plaintiff filed a Motion for Enforcement that says in its opening statement, "I hereby petition the Honorable Judge Mitchell S. Goldberg for an Enforcement Hearing on his June 12, 2018, Court Order of dismissal subject to Local Rule 41.1(b)..." As a result, on February 5, 2024, District Judge Goldberg's Order says, "One of Plaintiff's titled filings read Motion for Enforcement. However, Plaintiff does not ask that the settlement in this case be enforced or request any relief other than vacating dismissal." Judge Goldberg's Order also says, "Plaintiff appealed the District Court's Order of June 12, 2018, and the Court of Appeals for the Third Circuit dismissed the appeal as untimely..." See 18 U.S. Code § 1623 *perjury*.

These acts on two separate instances for the same Court Order constitutes arbitrary and capricious behavior as can be found in Natural Resources Defense Council, Inc. v. United States EPA: 5 U.S. Code § 706(2)(A) which authorizes the court to set aside agency action... found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." The Court must decide whether the agency considered the relevant factors and whether there has been a clear error of judgement; see Citizens to Preserve Overton Park Inc. v. Volpe, 401 U.S. 402, 416 (1971). *Scope of Review* 5 U.S. Code § 706(2)(A).

Rule 60(d)(3) functions just like a saving clause and it allows the district court to set aside judgement for its fraud on the court without a strict time bar, and "embraces the species of fraud which does or attempts to defile the court itself." See Wilson v. Johns-Manville Sales Corp., 873, F.2d 289, 872 (5th Cir. 1989). The Supreme Court held that "where an enforcement of the judgement is 'manifestly unconscionable,' the Court has wielded the power without hesitation." See Pickford v. Talbott, 225 U.S. 651, 225 U.S. 657. The Court also held "the aggrieved party may be entitled to obtain other appropriate equitable relief in addition to legal remedies." See Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan, 577 U.S. (2016). Since there is clear evidence on the Court's docket that Plaintiff "will not settle or sign a release," the parties are entitled to relief under the saving clause of Rule 60(d)(3) which ends all terms and obligations, allowing both parties to return to their pre-contract status.

To establish Article III standing, "a plaintiff must present an injury that is concrete, particularized, actual or imminent, and traceable to the defendant's challengeable actions; redressable by a favorable ruling." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L.Ed.2d 351. Further, Defendant Counsel's action in a written and signed statement dated June 12, 2018, shows that Plaintiff, in fact, did not accept Defendant's counteroffer (ECF No. 7, and ECF No. 33) and Judge Goldberg's deliberate abuse of discretion to declare a settlement and ultimately terminate the case was not in accordance with law. See Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 *Acceptances to be in writing.* As such, by legal description of the term acceptance, it specifically means "to assent to the terms of an offer." Conversely, "A court has no authority to depart from statutory language…" See Kleppe v. Sierra Club, 427 U.S. 390, 406 (1976). See also Federal Rule of Civil Procedure 60(d)(3) *set aside judgement for fraud on the court.*

## LEGAL ARGUEMENT

Falsifying court records will implicate tampering if they knowingly make a false entry for the government, or a document required by law or change the veracity of such record. As Plaintiff described here, court law and legal descriptions refer to fraud upon the court as a "criminal act whereby the court is impaired in the impropriety of performance to its task, which is usually done by an officer of the court." See Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 781 (9th Cir. 2003). Granted, the elements of an enforceable agreement between litigants in accordance with local and federal laws are not fulfilled and have not been signed by Plaintiff to a point where the appearance of impropriety is proof that fraud on the Court is present about settlement, and Court of Appeals for the Third Circuit failed to provide equal protection of the laws when stated on appeal in Plaintiff's "Informal Brief." Therefore, Judge Mitchell S. Goldberg will knowingly produce a decision by fraud on the Court and is required by law to disqualify himself from the case. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194 (1988) (what does matter is not the reality of bias or prejudice but its appearance). See also 28 U.S. Code § 455(a) *Disqualification of justice, judge, or magistrate judge.* See also 18 U.S. Code § 241 *Conspiracy against rights.*

## CONCURRENCE

Plaintiff contends there is a strong likelihood that Judge Mitchell S. Goldberg committed fraud in the court by such actions and deliberate omissions which harmed the integrity of the judicial process. In other words, "If a party responds to an offer with conditional rather than unequivocal agreement, it constitutes a rejection of the offer or counteroffer, not an acceptance." See First Home Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 15 (Pa. Super. 1994) (citing

Restatement [Second] of Contracts § 39). See also 18 U.S. Code § 242 *Deprivation of rights under color of law.*

## DISSENT

Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *(E.D. Pa. Oct. 2, 2007) is different in context when truly compared to Harris v. Lesko, No. 18-cv-1475. As a result, "The trial Court erred in entering its Order without first conducting an evidentiary hearing and making findings of fact concerning the settlement." See Houston-Starr company v. Virginia Manor Apartments Inc. 294 Pa. Super, 571, 440 A.2.d 613 (1982). See also Title 18 § 4911(1) *Tampering with public records or information.* As such, the Plaintiff tends to have shown that fraud upon the court was directed at the "record" itself, and that the impartiality of the court has been disrupted so significantly that it cannot perform its task without bias or prejudice. Further, Defendants have not moved to enforce the settlement, and even though Plaintiff asked for an enforcement hearing, District Judge Mitchell S. Goldberg says, "Plaintiff does not ask that the settlement in this case be enforced" which is also clarifying that fraud upon the court clearly exists. In that case, the Plaintiff's Motion for Equitable Relief under Rule 60(d)(3) *set aside judgement for fraud upon the court* should be granted.

Dated: February 21, 2024

Respectfully submitted,

/s/ _____

Christopher L. Harris, Pro se Litigant

Email: harrischrisl@msn.com

Phone: (863) 623-2502