IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS | : | |
| Plaintiff, | : | Civil Action 18-cv-1475 |
| v. | : | Judge: Mitchell S. Goldberg |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendant. | : | |

## MOTION TO SET ASIDE JUDGEMENT FOR FRAUD UPON THE COURT
## PURSUANT TO RULE 60(d)(3)

Plaintiff Christopher Harris refused to sign a settlement agreement through an implied covenant of good faith and fair dealing with Defendants during negotiation. This critical element substantiates whether the settlement is enforceable under Pennsylvania law (ECF No. 7, 36, 37). Instead, Plaintiff now seeks vacatur of rules through equitable relief pursuant to Federal Rule of Civil Procedure 60(d)(3) *set aside judgement for fraud on the court.* See Monsanto Co. v Geertson Seed Farms, 130 S. Ct. 2743 (2010), subject to the Administrative Procedure Act, 5 U.S. Code § 706(2)(A) & Article III, Section II of the U.S. Constitution; See 28 U.S. Code § 1654 *Appearance personally or by counsel* against Defendants to correct a final judgement that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 18 U.S. Code § 1623 *perjury*: Dunn v. U.S., 442 U.S. 100 (1979). See also 18 U.S. Code §§ 241 *Conspiracy against rights* & 242 *Deprivation of rights under color of law*. See also Title 18 § 4911(a)(1) *Tampering with public records or information.*

## STATEMENT OF FACTS

That Court of Appeals for the Third Circuit states in Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (Rule 60) "We

review District Court's denial of a Rule 60(b) Motion for abuse of discretion." See Central W. Rental Co. v. Horizon Leasing, 967 F.2d 832, 836 (3d Cir. 1992) "An abuse of discretion may be found when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." See also International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987). With that, the Court of Appeals' "NOT PRECEDENTIAL" Opinion says, "Plaintiff Christopher Harris' notice of appeal was timely filed as to the District Court's August 15 Order which denied his second Motion. Consequently, we have jurisdiction to consider that Order, see 28 U.S. Code § 1291..."

In any case, on January 16, 2024, Plaintiff filed a Motion for Enforcement that says in its opening statement, "I hereby petition the Honorable Judge Mitchell S. Goldberg for an Enforcement Hearing on his June 13, 2018, Court Order of dismissal subject to Local Rule 41.1(b)…" As a result, on February 5, 2024, District Judge Goldberg's Order says, "One of Plaintiff's titled filings read Motion for Enforcement. However, Plaintiff does not ask that the settlement in this case be enforced or request any relief other than vacating dismissal." Judge Goldberg's Order also says, "Plaintiff appealed the District Court's Order of June 12, 2018, and the Court of Appeals for the Third Circuit dismissed the appeal as untimely…" See also 18 U.S. Code § 1623 *perjury*.

These acts on two separate instances for the same Court Order constitutes arbitrary and capricious behavior as can be found in Natural Resources Defense Council, Inc. v. United States EPA: 5 U.S. Code § 706(2)(A) which authorizes the court to set aside agency action… found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." The Court must decide whether the agency considered the relevant factors and whether there has been

a clear error of judgement; see Citizens to Preserve Overton Park Inc. v. Volpe, 401 U.S. 402, 416 (1971). *Scope of Review* 5 U.S. Code § 706(2)(A).

Rule 60(d)(3) functions just like a saving clause and it allows the district court to set aside judgement for its fraud on the court without a strict time bar, and "embraces the species of fraud which does or attempts to defile the court itself." See also Wilson v. Johns-Manville Sales Corp., 873, F.2d 289, 872 (5th Cir. 1989). The Supreme Court held that "where an enforcement of the judgement is 'manifestly unconscionable,' the Court has wielded its power without hesitation." See Pickford v. Talbott, 225 U.S. 651, 225 U.S. 657. The Court also held "the aggrieved party may be entitled to obtain other appropriate equitable relief in addition to legal remedies." See also Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan, 577 U.S. (2016). Since there is evidence on the Court's docket that Plaintiff "will not settle or sign a release," the parties are entitled to relief under the saving clause of Rule 60(d)(3) which ends all terms and obligations, allowing both parties to return to their pre-contract status.

To establish Article III standing, "a plaintiff must present an injury that is concrete, particularized, actual or imminent, and traceable to the defendant's challengeable actions; redressable by a favorable ruling." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L.Ed.2d 351. Further, Defendant Counsel's action in a written and signed statement dated June 12, 2018, shows that Plaintiff did not accept Defendant's counteroffer (ECF No. 33) and Judge Goldberg's deliberate abuse of discretion to declare a settlement and terminate the case was not in accordance with law. See Pennsylvania Statutes Title 33 P.S. Frauds, Statute of § 5 *Acceptances to be in writing*. As such, by legal description of the term acceptance, it specifically means "to assent to the terms of an offer." Conversely, "A court has no authority to

depart from the statutory language…" See also Kleppe v. Sierra Club, 427 U.S. 390, 406 (1976). See Federal Rule of Civil Procedure 60(d)(3) *set aside judgement for fraud on the court.*

## LEGAL ARGUEMENT

Falsifying court records will implicate tampering if they knowingly make a false entry for the government, or a document required by law, or change the veracity of such record. As Plaintiff described here, court law and legal descriptions refer to fraud upon the court as a "criminal act whereby the court is impaired in the impropriety of performance to its task, which is usually done by an officer of the court." See Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 781 (9th Cir. 2003). Granted, the elements of an enforceable contract between litigants in accordance with local and federal laws are not fulfilled and such agreement has not been signed by Plaintiff to a point where the appearance of impropriety is proof that fraud upon the Court is present, and Court of Appeals for the Third Circuit failed to provide equal protection of the laws when stated on appeal in Plaintiff's 'Informal Brief.' Therefore, Judge Mitchell S. Goldberg will knowingly produce a judgement by fraud upon the Court and is required by law to disqualify himself from the case. See also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194 (1988) (what does matter is not the reality of bias or prejudice but its appearance). See 28 U.S. Code § 455(a) *Disqualification of justice, judge, or magistrate judge.* See also 18 U.S. Code § 241 *Conspiracy against rights.*

## CONCURRENCE

Plaintiff contends there is a strong likelihood that Judge Mitchell S. Goldberg committed fraud upon the court by such actions and deliberate omissions which harmed the integrity of the judicial process. In other words, "If a party responds to an offer with conditional rather than

unequivocal agreement, it constitutes a rejection of the offer or counteroffer, not an acceptance." See First Home Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 15 (Pa. Super. 1994) (citing Restatement [Second] of Contracts § 39). See also 18 U.S. Code § 242 *Deprivation of rights under color of law.*

## DISSENT

Thomas v. Univ. of Pa., No. 06-cv-1916, 2007 WL 2891739, at *(E.D. Pa. Oct. 2, 2007) is obviously different in context when truly compared to Harris v. Lesko, No. 18-cv-1475. As a result, "The trial Court erred in entering its Order without first conducting an evidentiary hearing and making findings of fact concerning the settlement." See Houston-Starr company v. Virginia Manor Apartments Inc. 294 Pa. Super, 571, 440 A.2.d 613 (1982). See also Title 18 § 4911(a)(1) *Tampering with public records or information.* As such, the Plaintiff tends to have shown that fraud upon the court was directed at the "record" itself, and that impartiality of the court has been disrupted so significantly that it cannot perform its task without bias or prejudice. Further, Defendants have not moved to enforce the settlement, and even though Plaintiff asked for an enforcement hearing, District Judge Mitchell S. Goldberg says, "Plaintiff does not ask that the settlement in this case be enforced" which is clarifying that fraud upon the court exists. In that case, the Plaintiff's Motion to set aside judgement under Rule 60(d)(3) *set aside judgement for fraud upon the court* through equitable relief and vacatur of rules should be granted.

Respectfully submitted,

Dated: March 13, 2024

/s/ *[signature]*

Christopher L. Harris, Pro se Litigant

Email: harrischrisl@msn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS | : | |
| Plaintiff, | : | Civil Action 18-cv-1475 |
| v. | : | Judge: Mitchell S. Goldberg |
| CITY OF PHLADELPHIA, et al., | : | |
| Defendant. | : | |

**PROPOSED ORDER**

AND NOW, this 13th day of March 2024, it is hereby ORDERED that Plaintiff's Motion to Set Aside Judgement for Fraud Upon the Court or Alternatively to Vacate its June 13, 2018, Order pursuant to Local Rule 41.1(b) (ECF No. 7) is GRANTED to Vacate the June 13, 2018, Court Order.

IT IS FURTHER ORDERED the District Court's June 13, 2018, Order dismissing the action with prejudice (ECF No. 7) is VACATED to facilitate settlement as it follows:

AND NOW, TO WIT, on this 20th day of March 2024, having been reported that issues among the parties have been settled and upon Order of the Court pursuant to provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court, it is ORDERED that the above action is DISMISSED with prejudice, pursuant to agreement of Counsel without costs.

IT IS FURTHER ORDERED the District Court shall retain jurisdiction in this matter for purposes of enforcing the settlement agreement for a period of 90 days from March 13, 2024, in which this matter is referred to Arbitration for such purposes.

BY THE COURT:

/s/ [signature] (CH)

Mitchell S. Goldberg

United States District Judge