IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER HARRIS,** *Plaintiff,* v. **OFFICER LESKO** *et al.,* *Defendants.* | Civil Action No. 18-cv-1475 |

## ORDER

**AND NOW**, this 2nd day of April, 2024, upon consideration of Plaintiff's motions to vacate the dismissal of this case (ECF Nos. 36, 37, 38), I find as follows:

1. Plaintiff brought this action under 42 U.S.C. § 1983 against Defendants for alleged excessive use of force. An on-the-record conference was held on June 12, 2018, at which time Plaintiff agreed to settle this case. An order was entered dismissing the case on June 13, 2018. (ECF No. 7.) Plaintiff appealed, and the Court of Appeals for the Third Circuit dismissed the appeal as untimely in part and affirmed in part. That appeal terminated on March 26, 2019. (ECF No. 19.)

2. On January 16 and 30, 2024, Plaintiff filed two motions arguing that no settlement occurred and asking that the 2018 order dismissing this case be vacated. I concluded that those motions were untimely under Federal Rule of Civil Procedure 60(c)(1), and denied them on February 5, 2024.

3. Plaintiff has now filed three additional motions asking that dismissal be vacated under Rule 60(d)(3), which allows a court to set aside a judgment for fraud on the court after the deadline for motions under Rule 60(b) would otherwise have passed. See Hazel-Atlas Glass Co.

1

v. Hartford-Empire Co., 322 U.S. 238, 244 (1944). Plaintiff argues that the Court itself committed fraud by determining that the case had settled when it had not.

4. A motion under Rule 60(d)(3) "is limited to fraud which seriously affects the integrity of the normal process of adjudication" and is "narrower in scope than that which is sufficient for relief by timely motion" under Rule 60(b)(3). Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995).

5. Plaintiff's motions do not allege facts sufficient to meet this high bar. Plaintiff's argument is essentially that fraud occurred because the Court concluded, erroneously in his view, that the case had settled. Plaintiff's request to set aside the dismissal of this case must therefore be denied.

6. Plaintiff also asks that I recuse from this case based on his view that I misinterpreted his prior motions. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Only when a judge's rulings show "deep-seated … favoritism or antagonism" is recusal mandated. United States v. Wecht, 484 F.3d 194, 226 (3d Cir. 2007). Plaintiff does not allege facts sufficient to warrant recusal.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motions to vacate the dismissal of this case (ECF Nos. 36, 37, 38) are **DENIED**.

BY THE COURT:

/s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**